THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHRIST POPOFF, Appellant.

Fourth Department, May 7, 1941.

*Richard Klugherz*, for the appellant.

*Carl J. Hynes, District Attorney*, for the respondent.

PER CURIAM. The indictment charges that Christ Popoff, Peter Panageotatas and Peter Gregor entered into a conspiracy to burn the Cosmo Restaurant, owned by Gregor and located in the city of Watertown, N. Y., and that an attempt was made by them to burn it on the 4th day of February, 1940.

Popoff and Peter Panageotatas, who was referred to throughout the trial as Peter Burdabas, lived in the city of Syracuse, N. Y.

Burdabas was the principal witness for the prosecution. He testified that Gregor employed him to set fire to the Cosmo Restaurant and that he hired Popoff to set fire to the building in which the restaurant was located. He further testified that a friend of his, John Keough, drove him and Popoff to Watertown on the 28th or 29th of January, 1940, and that when they reached there Keough stopped back of the Cosmo Restaurant and Popoff and Burdabas got out and removed two bags from the trunk of Keough's car where they had been previously placed; that Keough then drove away after agreeing to meet them later at the Woodruff Hotel. Burdabas also said that he and Popoff went into the kitchen of the Cosmo Restaurant carrying the two bags with them, each of which contained a can of kerosene; that Popoff poured the contents of one can into a carton which he placed on the floor of the kitchen and ran a long fuse from the carton to the cellar and that he had a candle with him.

Further testimony of Burdabas was to the effect that some discussion was then had as to the money which was to be paid to them and that Gregor came in and said that he did not have it but that he would get it and would return in a little while; that Gregor did not return with the money and that after waiting for some time Burdabas mopped up the kerosene which had flowed onto the kitchen floor and Popoff carried the filled can of kerosene to the cellar and left it there; that the fuse and candle were left in the cellar of the restaurant but that the candle was not lighted that night; that Burdabas and Popoff then left the restaurant carrying the empty can in a bag and returned to Keough's car which was waiting for them near the Woodruff Hotel and that the empty can was thrown out on the way back to Syracuse.

Burdabas further testified that later Gregor came to Syracuse and paid the money to him, at which time it was arranged that Burdabas and Popoff should return to Watertown on Sunday, February 4, 1940, to do the job. Burdabas said that he then asked Keough to drive him and Popoff to Watertown on the night

of February fourth and told him that he and Popoff would meet him on a certain corner in Syracuse on that night.

Burdabas and Keough both testified that Burdabas did not meet Keough on the night of Sunday, February fourth, and did not go to Watertown on that night. Keough testified that Popoff did meet him at the place arranged on the night of February fourth and that the two of them drove to Watertown. Burdabas testified that on the night of February fourth he went to Ithaca instead of keeping his appointment with Keough. Keough said that when they reached Watertown, Popoff got out of the car in front of the Woodruff Hotel and agreed to meet Keough there later. Keough could not testify whether Popoff went to the Cosmo Restaurant or not. He said, however, that later Popoff returned to the Woodruff Hotel and met him there.

The prosecution relied upon a conversation claimed by Burdabas to have taken place the morning of February 5, 1940, between him and Popoff as to what occurred in Watertown the night before. Burdabas testified that in such conversation Popoff told him that he was putting the setup in the kitchen at the Cosmo Restaurant but that Gregor asked him to put it in the cellar, which he did, and that he then lit the candle. Burdabas also said that Popoff, when asked why the Cosmo Restaurant was not burned the night before, said that the candle must have gone out.

Keough claimed that he did not know anything about the intention of Burdabas and Popoff to set fire to the Cosmo Restaurant and that he was not implicated in any way with them in that attempt. The jury found that Keough was not an accomplice.

The case was sent to the jury to determine whether or not there was an attempt on February 4, 1940, by Popoff to set fire to the Cosmo Restaurant building. The only evidence of any overt act on that night was the statement alleged to have been made by defendant to Burdabas on Monday morning, February fifth. There is not any other evidence of any sort that Popoff did attempt to burn the building on February fourth.

While a confession in the course of judicial proceedings or to a private person may be given in evidence against a defendant, it "is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed." (Code Crim. Proc. § 395; *People* v. *Steinmetz*, 240 N. Y. 411, 416, 417.)

Therefore, the evidence was insufficient to convict the defendant of having attempted to commit arson on February 4, 1940.

The Cosmo Restaurant did burn on February 13, 1940, but it is not claimed herein that the defendant had anything to do with that fire and there is not any evidence to that effect. It was prejudicial

error to admit in evidence testimony as to that fire and the photographs of the building taken after the fire.

It seems to us that the evidence produced on the trial presented a question of fact for the jury as to whether the defendant was guilty of an attempt to commit arson on the 28th or 29th day of January 1940, the night when both Burdabas and Popoff were in the kitchen of the Cosmo Restaurant. Especially is this so in view of the definition of attempted arson contained in section 220 of the Penal Law. However, the question as to whether an attempt was made by Popoff to commit arson on the night of January twenty-eighth or twenty-ninth was not submitted to the jury. It is clear that the defendant was convicted of an attempt to commit arson on February fourth and not on the night of January twenty-eighth or twenty-ninth.

The judgment of conviction and order should be reversed upon the law and the facts, and a new trial granted.

All concur, except CROSBY, P. J., who dissents and votes for affirmance. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Judgment of conviction and order reversed on the law and facts and a new trial granted.