THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHRIST POPOFF, Appellant.— Judgment of conviction and orders affirmed. All concur, except Dowling, J., who dissents and votes for reversal and for granting a new trial in the following memorandum: I dissent and vote for reversal and for a new trial on the following grounds. (1) The defendant was indicted and convicted for an attempt to burn the building, known as the Cosmo Restaurant, and its contents for the purpose of defrauding the insurer thereof. The People proved that the defendant was engaged to create a smudge in the building; that he was not to set fire to the building or to its contents; that the purpose was to smoke up the building so that Gregor might be released from his lease. But the defendant was not indicted for that offense. Under these circumstances, there is no proof of an attempt to defraud the insurance companies covering the risk. (2) The People proved that on January 28, 1940, the defendant and Burdabas removed the " plant," mopped up the liquid on the kitchen floor, returned the money they had received and abandoned the attempt to smudge the building. (3) The confession of the defendant, as to the transaction of February 4, 1940, as detailed by Burdabas, did not disclose facts sufficient to constitute the crime charged. There is no proof that the defendant was in the building on that occasion, or, if he was in it, that he did anything therein to further the conspiracy. (4) The finding that Keough was not an accomplice is clearly against the weight of the evidence. If he was not aware of the purpose of the defendant's mission to Watertown on February 4, 1940, why did he say to Burdabas, when Burdabas informed him that he, Burdabas, could not go to Watertown on February 4, 1940, that " * * * he wanted me to be with him in the car when they were coming to Watertown because he didn't want to be alone with him (Popoff) in the car." Assuming that Keough was not an accomplice and that the defendant's confession was sufficient to establish the attempt charged, there is still no proof that the crime confessed to was in fact committed. The case is no stronger now than it was when it was before us on the former appeal (261 App. Div. 788) and we should be bound by that decision. The true nature of the conspiracy and the fact of Keough's fear of being alone with the defendant were not called to the attention of the jury by the court in its charge. The jury were led to believe by the charge that the defendant was engaged to burn the building and its contents to defraud the insurer thereof and his conviction, under this view, was a foregone conclusion. The defendant was not proven to be guilty beyond a reasonable doubt. The interests of justice require a new trial. (The judgment convicts defendant of the crime of attempted arson, second degree. The first order denies defendant's motion for a new trial on the minutes, and the second order denies defendant's motion for a new trial on the ground of newly-discovered evidence. Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.