THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LOUIS STEINMETZ, Appellant.

Crimes — grand larceny in first degree — trial — evidence — plea of guilty, withdrawn by permission of court, does not cease to be confession of guilt — evidence that defendant had previously pleaded guilty to lesser degree of crime properly admitted — insufficiency of exception to raise question of error in charge.

1. A plea of guilty, withdrawn by permission of the court, ceases to be a formal record upon which subsequent action may be taken but

it does not cease to be evidence. If knowingly and voluntarily made it is a statement or confession of guilt having the same force and effect as if made outside of court to an officer or a stranger and is guarded and protected by the same rules of evidence which surround all other confessions.

2. Where, on the trial of an indictment charging defendant with the crime of grand larceny in the first degree he has taken the stand and denied the charge and the evidence against him, it is proper for the trial court, on cross-examination, to admit in evidence the fact that he had previously pleaded guilty of grand larceny in the second degree, not only as bearing upon the defendant's credibility as a witness, but also as evidence of his confession.

3. Such evidence, however, is insufficient, under section 395 of the Code of Criminal Procedure, to convict without additional proof that the crime has been committed and error might be predicated upon the failure of the trial justice, in his charge, to make this plain to the jury, but where counsel only excepted to the proper charge of the court that the plea of guilty may be taken into consideration as an admission and said nothing regarding corroboration, the point is not raised by proper exception and the Court of Appeals is without power to review. *People* v. *Steinmetz*, 209 App. Div. 83, affirmed.

(Argued May 15, 1925; decided July 15, 1925.)

APPEAL from a judgment of the Appelltae Division of the Supreme Court in the first judicial department, entered May 2, 1924, which affirmed a judgment of the court at a Trial Term rendered upon a verdict convicting the defendant of the crime of grand larceny in the first degree.

*Adolph Cianchetti* for appellant. The learned trial court erred in receiving evidence as an admission of the withdrawn plea of guilty. It was highly prejudicial and reversible for the reason that without such evidence the People failed to prove a case. (*Heim* v. *United States*, 47 App. D. C. 485; *People* v. *Ryan*, 82 Cal. 617; *State* v. *Meyers*, 99 Mo. 107; *People* v. *Jacobs*, 165 App. Div. 721.)

*Joab H. Banton, District Attorney* (*Felix C. Benvenga* of counsel), for respondent. There was no error in the

admission of evidence that the defendant had formerly pleaded guilty to the indictment. (*State* v. *Carta*, 90 Conn. 79; *People* v. *Jacobs*, 165 App. Div. 721; *Ehrlick* v. *Comm.*, 125 Ky. 742; *State* v. *Bringgold*, 40 Wash. 12.)

CRANE, J. On the 21st day of January, 1921, the above-named defendant was indicted by the grand jury of New York county, accused of the crime of grand larceny in the first degree. The indictment stated that on or about the ninth day of July, 1920, the defendant with intent to defraud the General Warehouse Company and Harry Greenberg of their property and to appropriate the same to his own use, did falsely represent to the said corporation that he had been authorized and directed by Harry Greenberg to receive from the corporation certain property specified; that by reason of said fraudulent representations the defendant obtained possession of 1,400 yards of cloth, the value of seventy-five cents a yard, with intent to appropriate the same to his own use. The indictment further alleges that the defendant had not been authorized by said Harry Greenberg to ask for or receive said property, and that the defendant by means of his false representations obtained and stole the property, against the statute in such cases made and provided.

On January 26, 1921, the defendant pleaded not guilty, but on February 16, 1922, more than a year thereafter, the defendant withdrew this plea and pleaded guilty to grand larceny in the second degree. On February 27th this plea with permission of the court was withdrawn; the plea of not guilty reinstated, and the defendant put upon his trial in the Supreme Court on the 14th day of March, 1922, when he was convicted of grand larceny in the first degree and sentenced to the State Reformatory at Elmira.

His conviction has been unanimously affirmed by the Appellate Division and the case comes here for review

upon a single question of law. The trial justice admitted in evidence upon cross-examination the fact that the defendant had previously pleaded guilty of grand larceny in the second degree, treating this plea in his charge to the jury as follows:

" That plea if it were an intelligent one, if it were made with full appreciation of its effect, with knowledge that it was an admission of the wrongdoing, that it was made consciously, with an understanding and an intelligent intent to concede and admit the wrongdoing — if those were the circumstances under which that statement was made in open court, in the presence of the court and the audience and the public — if that is the effect of that statement, then I say to you that that is one of the highest classes of evidence that can be established against a person. It is an admission of the truth — one of the highest degrees of evidence. So the moment you consider this charge against this defendant and have that statement made to you, as appears from the evidence, that he did at that time plead guilty, you are confronted with the question of what weight you will give to that statement. Consider all the facts and circumstances that have been presented surrounding that transaction in court at that time and reach a conclusion as to what weight and consideration you will give it. If it was an unappreciated act, unconscious, made without deliberation or understanding, an ignorant and foolish statement, of course, you can see that reasonable men, like you jurors, would not give it the weight that you would give to it were it an intelligent, considered, wise or understandable act. So I am going to say to you gentlemen that upon approaching the consideration of this case you make up your minds what weight you will give to that statement. If you reach the conclusion that it was a binding statement, of course, that is one thing. If your conclusion is that it was not, it is as nothing; but he comes into this court now for trial upon a plea of not guilty, and I must say

to you that his plea of not guilty which raises the issue for consideration upon this indictment, entitles him to the presumption of innocence, and that remains as a defense until the People have proved by evidence that reaches your minds, and establishes to your satisfaction and beyond a reasonable doubt, that he is guilty."

The defendant had taken the stand and had denied the charge and the evidence against him. On cross-examination, he admitted having pleaded guilty to larceny in the second degree, but explained that it was through misunderstanding and incompetent counsel.

The ruling and the charge of the trial judge upon the admission of this testimony is seriously challenged in this court and there is some authority which justifies the criticism made by the appellant's counsel.

I believe the admission to have been proper. The defendant's prior plea of guilty which he had withdrawn by permission of the court was to be treated like any other admission or confession, and subject to the same rules relating to its weight and effect.

Under our procedure an indictment must contain a plain and concise statement of the act constituting the crime. (Code of Crim. Pro., section 275.) This was done in this case as above stated. It was necessary for the defendant to appear personally in court and plead to this indictment. (Sect. 297.) A statement of the charge in the indictment is required to be made to the prisoner upon arraignment under section 309, and if he demand it, the indictment must be read. We must presume in the absence of any evidence to the contrary that these provisions of the law were complied with in taking the plea of this defendant. His plea of guilty, therefore, amounted to a statement or admission by him that he did the act charged in the indictment, that is, that he procured the goods by means of false and fraudulent statements, and intended to steal them. He did not admit their value. The indictment alleged them to be

worth more than $500, making the offense larceny in the first degree. (Penal Law, sect. 1294.) His plea to larceny in the second degree admitted the goods to be worth over $50 but less than $500. (Penal Law, sect. 1296.) Upon the trial the jury found the value over $500, making the offense larceny in the first degree. This difference between the plea and the verdict is, therefore, immaterial. The point is, that the defendant by his plea of guilty admitted not merely a conclusion of law, but admitted the fact upon which the conclusion was based, to wit, that he had stolen the specified property.

I see no reason, therefore, why this admission should not be treated as any other admission made in or out of court, guarded and protected of course by the same rules of evidence. Unless the plea was withdrawn, it stood as a conclusive admission of the defendant's guilt, upon which the judgment of the court would follow. (Code Crim. Pro., sect. 471.) However, in the discretion of the court under section 337 of the Code of Criminal Procedure the court may permit the plea of guilty to be withdrawn and the plea of not guilty to be substituted. Such permission was given the defendant in this case. The plea of guilty, therefore, was no longer conclusive. It ceased to be a formal record upon which subsequent action could be taken, but it did not cease to be evidence. If knowingly and voluntarily made, it was a statement or confession of guilt having the same force and effect, as if made outside of court to an officer or a stranger.

Such confession, however, would come within the rules of caution as well as protection which surrounds all other confessions. Section 395 provides: " A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced by threats, or unless made upon a stipulation of the district attorney, that he shall not be prosecuted therefor; but is

not sufficient to warrant his conviction, without additional proof that the crime charged has been committed."

The evidence, therefore, that the defendant had previously pleaded guilty to this indictment came under this section and was insufficient to convict him without additional proof that he had stolen Greenberg's property.

Such is the law as it has been applied to admissions made on preliminary hearings in Police or Magistrates' Courts. Statements of guilt made before these committing magistrates have universally been received in evidence when the charge was subsequently tried in the proper tribunal. (*Commonwealth* v. *Brown,* 150 Mass. 330; *State* v. *Hand,* 71 N. J. L. 137; *State* v. *Blay,* 77 Vt. 56; *State* v. *Call,* 100 Me. 403; *Green* v. *State,* 40 Fla. 474; *State* v. *Briggs,* 68 Iowa, 416; *Ehrlick* v. *Comm.,* 125 Ky. 742; *People* v. *Gould,* 70 Mich. 240; *Carter* v. *State,* 24 So. Repr. [Miss.] 307.)

In examining such cases as *People* v. *Ryan* (82 Cal. 617); *Heim* v. *United States* (47 App. Cas. D. C. 485); *People* v. *Boyd* (227 Pac. Repr. 783); *Heath* v. *State* (214 Pac. Repr. 1091), cited as authority for the appellant's proposition that the evidence of the former plea of guilty cannot be admitted on the defendant's trial, we find that such courts were inclined to consider such a plea *conclusive* evidence when once admitted, or else that the evidence of the plea would in itself justify the conviction of the defendant without other evidence of guilt. Such I understand to be the view taken by these courts in excluding such testimony. On the other hand, the reasoning of the court in *State* v. *Carta* (90 Conn. 79); *State* v. *Bringgold* (40 Wash. 12), and of the chief justice in *Heim* v. *U. S. (supra),* is quite forcible, and we think states the better rule. A plea of guilty made in open court under the advice frequently of counsel and at all times under the supervision of painstaking judges is at least as valuable as is evidence regarding the admission of

27

acts and deeds made out of court to policemen or interested parties. Treating such pleas as other admissions or confessions having weight only when voluntarily made and to be supported by additional proof of the crime charged before conviction can be had, we remove the objection that the plea in court has in its nature rather a conclusive element because made in court and that other evidence may be rendered unnecessary. It is true that a statement of guilt made in court may carry with it more assurance of its truth than such a statement made on the street or in a police station, but such may also be said regarding the statements made to committing magistrates which have always been considered competent. The only danger I can see in admitting evidence of the former plea is the objection raised or stated in those authorities and textbooks which have followed *People* v. *Ryan* (*supra*), and that is, that the former plea might possibly be considered in and of itself sufficient to convict the defendant. In this State, as I have said, there must be other proof of the commission of the crime; the jury cannot find the defendant guilty merely on his former plea.

My personal opinion is that the judge in his charge did not make this plain to the jury; that he indicated in the part which I have quoted above that the former plea of guilty if knowingly and voluntarily made was " binding " upon the defendant. The jury could have drawn the inference that they might convict the defendant on the evidence of his former plea without the corroboration required by section 395 of the Code of Criminal Procedure. Nowhere in his charge does the court refer to the requirements of this section.

But whether the trial justice was in error in this particular or not, the majority of the court are of the opinion that the point has not been raised by proper exception. Counsel excepted to the charge of the court that the plea of guilty may be taken into consideration as an admission. As we have stated, this was a proper charge. Nothing

was said by the court or by counsel regarding corroboration. Counsel failed to call the attention of the court to the omission. The trial justice did not refuse to charge that there must be additional proof of the crime charged before the defendant could be found guilty. He simply said nothing about it. Neither did the counsel for the defendant. Therefore the exception taken to the charge did not refer to this point or the omission. As our power of review is limited to questions raised by proper exception, we can only consider the court's ruling admitting, on cross-examination, the defendant's testimony regarding his former plea. To this ruling exception was taken. As this opinion states, the trial justice was right in admitting such testimony not only as bearing upon the defendant's credibility as a witness, but also as evidence of his confession. Judgment of conviction must, therefore, be affirmed.

LEHMAN, J. (dissenting). The defendant when arraigned pleaded not guilty. Thereafter by permission he withdrew this plea and pleaded guilty to larceny in the second degree. Section 337 of the Code of Criminal Procedure provides that the " court may, in its discretion, at any time before judgment upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." Similar power has been exercised by the courts in all jurisdictions even without statutory grant. In the exercise of its discretion the court in this case permitted the withdrawal of the defendant's plea of guilty and the substitution of the plea of not guilty. The defendant has been convicted after trial upon the substituted plea. At that trial the People were permitted to show that the defendant had previously interposed and then withdrawn the plea of guilty. While the evidence was introduced upon the defendant's cross-examination, the question presented upon this appeal is not whether the evidence is relevant or material but whether it is competent and I think we are agreed that

the same considerations govern its competency regardless of the point in the proceedings at which it was introduced. It cannot tend to discredit or contradict the defendant in his denial of guilt unless it was competent as evidence to show a previous admission or confession of guilt.

We may not upon this appeal question whether the trial judge has properly exercised his discretion. He has permitted the withdrawal of the plea of guilty and thereby effectively destroyed it as part of a judicial record upon which judgment might be entered. Concededly the withdrawn plea is no longer conclusive but it is said that the favor, which the court has accorded the defendant under the power expressly conferred upon it, does not destroy such logical probative force as might reasonably be given to previous admission or confession and the withdrawn plea is, therefore, admissible in evidence, to be given such force and effect as the jury may determine it has under all the circumstances. I may concede that a confession even though withdrawn, may under certain circumstances have logical probative force. The plea of guilty solemnly delivered in open court, recorded in the presence of a conscientious and painstaking judge is a confession of guilt and " confession was always regarded as the highest kind of conviction " (*People ex rel. Hubert* v. *Kaiser,* 150 App. Div. 541; affd., 206 N. Y. 46), but the same court which in this case has taken the plea has, in the exercise of its discretion, destroyed its force as a plea. I may concede that the fiat of the State uttered by court or Legislature cannot give logical probative force to evidence which lacks such force or destroy the probative force which evidence may logically have. In the domain of pure reason the sovereignty of the State is not recognized. The admissibility of evidence is not, however, determined solely by its possible logical results. The courts have evolved and the legislatures have created rules of evidence by which classes of evidence are excluded, though in

1925.] Dissenting opinion, per LEHMAN, J. [240 N. Y. 411]

particular instances the evidence might have logical probative force, when it appears that in general such evidence is too unreliable to form any basis for a conclusion, or tends unduly to confuse or prejudice the jury, or when its production would contravene some consideration, real or assumed, of public policy. In its own tribunals the State may decide what kind of evidence may be excluded as incompetent regardless of its logical force, in accordance with practical considerations. Our determination of the question of the admissibility of the earlier plea regarded as a confession or admission must depend primarily, not upon the possible logical probative force of the evidence, but rather upon whether the favor extended to the accused of withdrawing his previous plea did not, by necessary implication, include the favor that he was to be restored to the same position as if the plea had never been offered.

We must assume that the court did not abuse its discretion in granting the favor but held the scales of justice even. If the court was convinced beyond question or doubt of the guilt of the accused and of the fact that the confession of guilt was made with intention and understanding, reason to permit the withdrawal of the plea fails. When the permission is granted the court necessarily decides that there shall be an actual trial of the guilt of the accused because there is doubt of whether the plea was made with understanding and intent to confess a crime which the accused had actually committed. The court acts to protect an accused who has perhaps made an untrue confession. May the confession which the court has decided it should not act upon thereafter be used as evidence, even though not conclusive, of the defendant's guilt? If made without understanding and intention to confess actual guilt, it does not tend to establish guilt. If made with such understanding and intention, its logical probative force is so great that it would seem almost playing with words to say that it is

not controlling.   There is no third hypothesis; no ground for giving the confession lesser force.   The defendant testified in this case that the plea was based upon his mistake and he never intended to plead guilty.   His testimony was not denied and probably could not have been denied even if untrue.   To some extent surrounding circumstances corroborated him.   The plea was withdrawn pronptly when a probation officer told him that he had pleaded guilty.   Though the judge who took the plea held the explanation constituted sufficient ground for permission to withdraw the plea, the jury was permitted to speculate as to whether the plea was made with understanding and intention.   In spite of the charge of the trial judge that the accused was entitled to the presumption of innocence, the admission of the previous plea which placed upon the defendant the burden of explanation effectively destroys the presumption. The favor of permission to withdraw a plea, which it is claimed is not a true confession, is of little value if the withdrawn plea may be used to nullify the substituted plea.   When the State allows a man a trial, the trial should be fair; when the court decides that in the interests of justice a plea may be withdrawn because there would be possible danger of injustice in acting upon it, the accused should be placed in the same position as if the plea had never been made.   The trial should be held for the sole purpose of determining the guilt of the accused and not for the purpose of determining as a preliminary matter whether the withdrawn plea was made with understanding and intention.   For practical purposes the admission of the prior plea of guilty in evidence must have the latter effect and even places the burden of proof on the accused of explaning the confession.   The favor accorded the accused should not be transformed into a trap.

It is said that there is no difference in principle between a plea of guilty interposed in a preliminary hearing

and withdrawn as of right before trial and a plea withdrawn by permission. It seems to me that there is wide difference both in principle and in practical effect between the two cases. When an accused chooses to plead guilty knowing he has a right to withdraw the plea, his acts and statements may be used to support any inference that may logically be drawn from them. Since the subsequent withdrawal of the plea is a matter of right and not of favor, no argument can be made that the plea was not knowingly and intentionally interposed and no ground exists for declaring that the State makes the evidence of such plea incompetent. Analogy is also drawn between a pleading in a civil action superseded by an amended pleading. The analogy is not complete even where the amendment is made by permission. If that permission be granted as a favor, the favor should not be extended by implication to the detriment of the adversary. If the pleading though withdrawn has probative force because it contains an admission of fact, then even after its conclusive force has been destroyed other parties should be permitted to insist upon the logical effect of the admission. Where the State is the adversary, the situation is different; the court gives permission to substitute a plea and not merely to amend a pleading. The permission granted necessitates a trial and at the trial the presumption of innocence should not in effect be destroyed by the very plea that has been withdrawn. Difference is suggested by the circumstance that in one case a pleading is " amended;" in the other case a plea is withdrawn and another " substituted."

For these reasons it seems to me that the judgments of the courts below should be reversed and a new trial ordered.

HISCOCK, Ch. J., CARDOZO, POUND and ANDREWS, JJ., concur with CRANE, J.; LEHMAN, J., reads dissenting opinion, in which McLAUGHLIN, J., concurs.

Judgment affirmed.