THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILIP O'BERST, Appellant, v. THOMAS H. MURPHY, as Warden of Clinton Prison, Dannemora, N. Y., Respondent.

Third Department, January 11, 1939.

*Philip O'Berst*, appellant, in person.

*John J. Bennett, Jr., Attorney-General* [*Victor F. Boire, Assistant Attorney-General*, of counsel; *Bernard L. Alderman* and *Patrick H. Clune, Assistant Attorneys-General*, with him on the brief], for the respondent.

BLISS, J. Appellant is a prisoner in Clinton State Prison at Dannemora. On August 20, 1926, he was convicted in the County Court of Bronx county of an attempt to commit robbery in the first degree and was sentenced for an indeterminate term of seventeen years and six months to thirty-five years. On September 20, 1926, he was convicted in the County Court of Queens county of the crimes of robbery in the first degree, grand larceny in the first degree and assault in the first degree and sentenced to prison for an indeterminate term of forty years to life, which sentence was to commence at the termination of the sentence previously imposed by the Bronx County Court. As to each conviction, he was, in the eyes of the law, a first offender and sentenced as such. On June 6, 1935, this prisoner was admitted to parole by the State Parole Board from his first sentence and started serving his second sentence.

Appellant now contends that the sentence imposed by the Bronx County Court on August 20, 1926, was void in that it provided a greater penalty than allowed by law; that because of the nullity of this sentence the direction in the sentence of September 20, 1926, by the Queens County Court that the sentence there imposed should commence after the termination of the previous sentence, was inoperative and that the later sentence has now legally expired. He urges that he should either be discharged or returned to the Queens County Court to have his sentence corrected.

The record does not show the dates when the crimes were committed but it may be inferred from the briefs that there was no change of punishment between the dates of the offenses and the respective dates of sentence. When appellant was sentenced in Bronx county, section 2125 of the Penal Law provided a punishment of not less than fifteen years for the crime of robbery in the first degree. Thus a sentence under this section could not be less than fifteen years, nor more than life. (Penal Law, § 2191.) At the same time the punishment for an attempt to commit this crime was imprisonment for not more than twenty-five years. (Penal Law, § 261, subd. 1.) Also under section 2189 of the Penal Law, as then in effect, he was entitled to receive an indeterminate sentence. Thus appellant's sentence of seventeen and one-half to thirty-five years was, upon its face, illegal. In support of the sentence the Attorney-General states in his brief that appellant was armed at the time of the commission of the crime and that the County Court, therefore, added five years to a minimum of twelve and one-half and ten years to a maximum of twenty-five years because of section 1944 of the Penal Law. Be this as it may, the record before us does not show the necessary facts to support

such additional punishment. Thus we have a prisoner who was held from July 28, 1926, to June 6, 1935, under a commitment which was invalid on its face.

Under section 1945 of the Penal Law, as added by the Laws of 1935, chapter 902, in effect June 1, 1935, appellant might be released on parole at any time after he had served ten years of either of the terms for which he was sentenced, with the same force and effect as though his sentences had each originally been for an indeterminate term, the minimum of which was ten years.

As the record now stands before us, the most severe sentence appellant might have received in the Bronx County Court was for an indeterminate term of not less than twelve and one-half years and not more than twenty-five years. Appellant is not now entitled to his discharge from custody but should be returned to the Bronx County Court for the imposition of a proper sentence. (*People* v. *Sanacory*, 248 App. Div. 631; affd., 272 N. Y. 573; *People ex rel. Miresi* v. *Murphy*, 253 App. Div. 441.) He does not question the validity of the second sentence, his contention merely being that if the first sentence was void he is now entitled to parole from the second sentence. As to whether he should now be considered for such parole or not is not before us. That he has not received it is sufficient for our purposes.

The questions raised by appellant with relation to his second sentence must await the imposition of a legal sentence under the first conviction.

The order appealed from should be modified so as to direct appellant's return to the Bronx County Court for resentence, and as so modified affirmed, without costs.

RHODES, CRAPSER and HEFFERNAN, JJ., concur; HILL, P. J., concurs in the result.

Order modified so as to direct appellant's return to the Bronx County Court for resentence, and as so modified affirmed, without costs.