THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SANTO ARIANO and THEODORE NINTZEL, Appellants.

Second Department, June 29, 1942.

*Theodore I. Welenken,* for the appellants.

*Julius Helfand, Assistant District Attorney [William O'Dwyer, District Attorney,* and *Henry J. Walsh, Assistant District Attorney,* with him on the brief], for the respondent.

CLOSE, J. The indictment originally contained six counts, among them counts charging both defendants with assault in the second degree with intent to commit sodomy. The evidence on behalf of the People, if accepted by the jury, justifies the verdict rendered; but because of errors the judgments will have to be reversed and a new trial ordered.

It appears that when the defendants were arraigned they both pleaded not guilty. Thereafter, they withdrew the plea and entered a plea of guilty to assault in the third degree. After the probation reports were in, and, as is claimed by the defendants, at the direction of the county judge presiding, they withdrew their pleas of guilty to assault in the third degree. Be that as it may, the withdrawal of their plea was necessarily with the consent of the court and for reasons that moved the court's discretion.

Upon the trial and in the first instance as the result of questions put by the court on the cross-examination of the defendant Ariano, the fact that the latter had entered a plea of guilty to assault in the third degree was developed. Upon the cross-examination of the defendant Nintzel by the district attorney, the same fact was developed from him. Proper objections were made in both instances and exceptions were taken. On redirect, when the defendants attempted to explain the circumstances surrounding the entry of the plea and its withdrawal, they were unduly hampered by the court's rulings. This error becomes more important in view of the defense of an alibi and the court's charge to the jury that their pleas of guilty to assault in the third degree, while not an admission of guilt of the crime charged, were an admission that they were at the place where, and at the time when, the crime was committed. By preventing the defendants from fully disclosing the circumstances surrounding the entry of the pleas of guilty to assault in the third degree, they were deprived of a substantial right that requires reversal. (*People* v. *Steinmetz*, 240 N. Y. 411.) Furthermore, it is our opinion under the rulings made that the admission of the plea of guilty to assault in the third degree was not competent evidence in any event and should have been stricken from the record. At the conclusion of the testimony the court dismissed all the counts in the indictment charging assault with intent to commit sodomy. Thereupon the defendants moved that the testimony with regard to the pleas of guilty to assault in the third degree be stricken from the record upon the ground that the pleas did not indicate in any manner any attempt to plead guilty or any consciousness of guilt of the crime charged. The court denied the motion, saying that the pleas admitted guilt of assault in the third degree under the indictment. As the counts charging assault had been dismissed, and the only count remaining contained no element of assault, the pleas of guilty to assault in the third degree did not include a plea of guilty to any element of the only crime of which they then stood accused. It is this circumstance which distinguishes this case from *People* v. *Steinmetz* (*supra*) upon which the learned county judge relied.

There exists excellent authority for entirely excluding any evidence of the entry of a plea and its withdrawal at a subsequent trial. After the decision in *People* v. *Steinmetz* (*supra*), which was decided by a divided court in 1925, the United States Supreme Court had occasion to consider this question in *Kercheval* v. *United States* (274 U. S. 220, 223, 225). There, Mr. Justice BUTLER, writing for the court, reviewed the cases in the various State jurisdictions including *People* v. *Steinmetz*, which held that evidence of the plea was admissible, and stated that the arguments to be gathered from those cases are that the introduction of the withdrawn plea of guilty shows conduct inconsistent with the claim of innocence advanced at the trial, and that the plea is a statement of guilt having the same effect as if made out of court. He also reviewed cases from various jurisdictions holding that such a plea is not admissible for any purpose, and came to the conclusion that " the weight of reason is against the introduction in evidence of a plea of guilty withdrawn on order of court granting leave and permitting the substitution of a plea of not guilty."

Another Federal court in *United States* v. *Adelman* (107 F. [2d] 497, 499) states the fundamental argument in favor of excluding the plea in these words: " When a court allows a defendant to withdraw a plea of ' guilty ' it is because the court finds that circumstances exist which make it unfair to hold him to it. Such circumstances make it equally unfair to use it against him as an admission."

The judgments should be reversed on the law and a new trial ordered.

CARSWELL, JOHNSTON and TAYLOR, JJ., concur; LAZANSKY, P. J., concurs on the ground that it was error to exclude proof of the circumstances under which the plea of guilty was made and withdrawn. (*People* v. *Steinmetz*, 240 N. Y. 411.)

In each case: Judgment of the County Court of Kings County, convicting defendant of the crime of sodomy, reversed on the law and a new trial ordered.