CANIZIO *v.* NEW YORK.

No. 152.   Argued January 4, 1946.—Decided February 4, 1946.

*Maurice Edelbaum* argued the cause and filed a brief for petitioner.

*William I. Siegel* argued the cause for respondent. With him on the brief was *Henry J. Walsh.*

MR. JUSTICE BLACK delivered the opinion of the Court.

On June 1, 1931 in the County Court of Kings County, New York, the petitioner pleaded guilty to the crime of robbery in the first degree. On June 19, 1931 that court sentenced him to serve a term of from 15 to 30 years in state prison. After the petitioner had served almost 14 years of this sentence he instituted this proceeding by a motion, *coram nobis,* in the Kings County court, praying that the June 19, 1931 sentence be vacated and set aside. His motion, verified by oath, alleged that at the time of his arraignment, guilty plea, and sentence, petitioner was

19 years old and unfamiliar with legal proceedings; that he was not represented by counsel; and that the court neither asked him whether he desired counsel to be assigned, nor advised him of his right to counsel. Petitioner's motion charged that the acceptance of his guilty plea and the sentencing under these circumstances violated Article 1, § 6 of the New York State Constitution and § 308 of the New York Code of Criminal Procedure, and deprived him of his liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

The District Attorney filed an affidavit opposing the motion. This affidavit, based on information obtained from court records, admitted that these failed to show that petitioner had been represented by counsel when he was arraigned and when he pleaded guilty on June 1, 1931. To overcome this apparent defect of the record the affidavit urged the presumption of regularity of judicial proceedings to support the conclusion, in the absence of a clear showing to the contrary, that the judge must have performed his duty under New York's laws to advise petitioner of his right to counsel. The District Attorney contended that petitioner's motion though verified was not sufficient to overcome this presumption, especially since petitioner's conviction occurred 14 years ago. Moreover, the affidavit denied that petitioner was not represented by counsel at the time of sentencing, and alleged that on June 17, 1931, two days before the sentence was imposed, there was filed a notice of appearance of counsel on behalf of the petitioner. Thus, according to the affidavit petitioner was represented by counsel from June 17th to June 19th, 1931. Petitioner filed no denial to this affidavit.

The court denied petitioner's motion on the basis of the aforementioned papers including the record of the original proceeding, and without permitting petitioner to introduce any evidence. Under New York practice petitioner's mo-

tion was the proper procedure to raise the federal question. *Lyons* v. *Goldstein,* 290 N. Y. 19, 47 N. E. 2d 425. Since the court's denial of the motion cannot be appealed to any higher New York court, *People* v. *Gersewitz,* 294 N. Y. 163, 61 N. E. 2d 427, we have jurisdiction to consider the case. *Betts* v. *Brady,* 316 U. S. 455, 461. We granted certiorari because the case presents an important question involving the right to counsel under the Constitution of the United States.

Before we consider this question we shall assume that petitioner was without counsel when arraigned and when he pleaded guilty and that although he was unfamiliar with his legal rights the court failed to inform him of his right to counsel. Consequently, had there been nothing to contradict petitioner's general allegation that he was not represented by counsel in the interim between his plea of guilty and the time he was sentenced, his charges would have been such as to have required the court to hold a hearing on his motion. *Rice* v. *Olson,* 324 U. S. 786. But the District Attorney's affidavit and the record and stenographic transcripts of the original proceedings in which petitioner was sentenced show that petitioner was actively represented by counsel in long hearings during the day of sentence. In our opinion, these new facts, undenied, so far refuted petitioner's entire constitutional claim as to justify the court's holding that a hearing on petitioner's motion was unnecessary.

These papers before the trial court showed that petitioner along with two others were originally charged under three counts. Petitioner pleaded guilty on one charge on condition that he would not be prosecuted on the other two. Thereafter, as we have indicated, an attorney appeared on his behalf in an effort to secure a low sentence. The attorney could have moved to withdraw the plea of guilty and the County Court of Kings County would have had the power to set aside the plea and let the petitioner

stand trial. New York Code of Criminal Procedure, § 337; *People* v. *Gowasky,* 244 N. Y. 451, 155 N. E. 737. Petitioner's counsel probably thought it undesirable to do so, because this move might have jeopardized his chances for securing a low sentence. The plea was to robbery in the first degree, unarmed. The record clearly shows that petitioner was heavily armed. Had he been convicted of first degree robbery while armed he would in all likelihood have gotten a higher sentence. Cf. *People ex rel. O'Berst* v. *Murphy,* 256 App. Div. 58, 8 N. Y. S. 2d 965; *People ex rel. Pilo* v. *Martin,* 262 App. Div. 1056, 30 N. Y. S. 2d 290. At any rate, whatever the reason, petitioner's counsel did not move to withdraw the guilty plea.[1] All of this demonstrated to the satisfaction of the court below that even though petitioner may not have had counsel at the beginning, he had counsel in ample time to take advantage of every defense which would have been available to him originally. We think the record shows that petitioner actually had the benefit of counsel. When that counsel took over petitioner's defense he could have raised the question of a defect in the earlier part of the proceedings.[2]

---

[1] The assumption cannot be made that had petitioner's counsel done so it would not have been granted. If the motion had in fact been denied, petitioner's counsel could have appealed and thus have brought up the denial of the motion. Code of Crim. Proc. § 517; *People* v. *Joyce,* 41 Hun 641. If the case had then eventually reached us our previous decisions would have compelled us to hold the denial of the motion improper. See e. g. *Rice* v. *Olson, supra.* But the question is not before us in this proceeding.

[2] It is suggested that the New York case of *People* v. *Steinmetz,* 240 N. Y. 411, 148 N. E. 597, which allows a withdrawn guilty plea under some circumstances to be admitted at trial as evidence in the nature of a confession, might have compelled counsel to refrain from making a motion to withdraw the plea because in view of the *Steinmetz* rule little would thereby be accomplished in a practical way. In the *Steinmetz* case defendant had been represented by counsel at the time of the guilty plea. The opinion, read as a whole, seems to indicate that a guilty plea would be inadmissible as evidence at a trial, where it was

Failing to do so when the statute afforded him the opportunity, we cannot say that the court denied petitioner the right to have a trial with the benefit of counsel.

Petitioner's motion was, therefore, properly denied.

*Affirmed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.

MR. JUSTICE MURPHY, dissenting.

The complete travesty of justice revealed by the record in this case forces me to dissent.

The constitutional right to assistance of counsel is a very necessary and practical one. The ordinary person accused of crime has little if any knowledge of law or experience in its application. He is ill-prepared to combat the arsenal of statutes, decisions, rules of procedure, technicalities of pleading and other legal weapons at the ready disposal of the prosecutor. Without counsel, many of his elementary procedural and substantive rights may be lost irretrievably in the intricate legal maze of a criminal proceeding. Especially is this true of the ignorant, the indigent, the illiterate and the immature defendant. *Powell* v. *Alabama*, 287 U. S. 45, 69; *Williams* v. *Kaiser*, 323 U. S. 471, 474–476. Courts must therefore be unyielding in their insistence that this basic canon of justice, this right to counsel, be respected at all times.

---

later withdrawn because defendant, ignorant of his right to counsel, had at the time of pleading guilty not been informed of his right. We have held that in a federal court a withdrawn guilty plea is not admissible in evidence. *Kercheval* v. *United States*, 274 U. S. 220, 223, 225. See also *People* v. *Ariano*, 264 App. Div. 426, 35 N. Y. S. 2d 818. If a guilty plea without counsel should be held admissible in New York, the proper case in which to raise the issue of the propriety of its admission is on appeal to this Court on conviction after trial. Otherwise, if such an admission is proper at all it would also be proper if a trial is had after we reversed this case. Consequently nothing would be gained by a reversal on that ground.

Today, however, a serious qualification is added to this constitutional right to which I am unable to assent. Petitioner and two others were indicted on May 25, 1931, for three offenses: (1) robbery in the first degree; (2) grand larceny in the second degree; and (3) assault in the second degree. They were arraigned on the same day and pleaded not guilty. Petitioner at this time was but 19 years old, indigent, poorly educated, orphaned and ignorant of his right to counsel. The court did not inform him of his right to counsel at this time and it does not appear that he competently and intelligently waived his constitutional right. Several days later, on June 1, petitioner again appeared without counsel and without being informed of his right in that respect. This time he withdrew his plea of not guilty and entered a plea of guilty to the crime of first degree robbery. The prosecutor agreed to withdraw the other charges. On June 17, a notice of appearance of counsel on behalf of petitioner was filed. And on June 19, in the presence of this counsel, petitioner was sentenced to serve from 15 to 30 years in prison. On the basis of these facts, the Court now holds that petitioner was adequately represented by counsel. The error manifest in the denial of the right of counsel during the arraignment and the plea of guilty is held cured by the mere presence of counsel on the day of the imposition of the sentence.

It is said that, at least under New York practice, the attorney on the day of the sentencing could have moved to withdraw petitioner's plea of guilty; the judge would then have had power to set aside the plea and let the petitioner stand trial. On the assumption that the judge would have granted such a motion had it been made, the argument is advanced that petitioner had counsel in ample time to take advantage of every defense originally avail-

able. Thus the conclusion is reached that this denial of the right to counsel prior to the imposition of sentence is in compliance with the Constitution.

In my opinion, however, the right to counsel means nothing unless it means the right to counsel at each and every step in a criminal proceeding. The failure at any particular point to have representation or to be aware of one's right to counsel may have an indelible and imponderable effect upon the entire proceeding, an effect which may not be erasable on the day of imposing the sentence. As was said in *Glasser* v. *United States,* 315 U. S. 60, 76, "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." So here we cannot assume or determine that the denial of counsel at the time of the arraignment and plea was harmless. Nor can we say with certainty that the presence of counsel at the final stage of the proceeding was sufficient to counteract the prejudice inherent in the prior denial of counsel. Unless all the effects of such a constitutional infirmity are completely and unquestionably eliminated, a conviction cannot stand. An elimination of that nature ordinarily, and particularly in this case, means a new proceeding in which the right to counsel is fully protected at all times.

It is further significant that the failure of the trial court to inform the petitioner of his right to counsel was in violation not only of the due process clause of the Fourteenth Amendment but also of Article 1, § 6, of the New York Constitution and of §§ 8, 188, 308 and 309 of the New York Code of Criminal Procedure. The arraignment and the plea of guilty were thereby vitiated, from which it follows that the conviction was inconsistent with due process of law. See *Johnson* v. *Zerbst,* 304 U. S. 458, 468; *Waley* v. *Johnston,* 316 U. S. 101, 104.

The lack of due process in the conviction was unaffected by the possibility that the counsel which petitioner eventually obtained might have successfully moved to vacate the void plea of guilty. Constitutional rights as well as due process requirements rest upon something more substantial than what might have been but was not done. The inescapable facts confronting us are that petitioner was denied the right to counsel and that the court's judgment was based upon an illegal arraignment and plea. Counsel's negligence in failing to move to set aside that plea should not blind us to those facts; nor can it invest the proceeding with the due process which it otherwise lacked.

Moreover, even had petitioner's counsel been successful in making such a motion, the effect of the illegal plea might not have been dissipated. Under New York law, a plea of guilty which is withdrawn may subsequently be admitted in evidence at the trial. *People* v. *Steinmetz*, 240 N. Y. 411, 148 N. E. 597. And even though such a practice might be of doubtful constitutionality under these circumstances, the possibility of its occurrence may have effectively and understandably deterred counsel from seeking to set aside the plea and subjecting petitioner to the risk of a greater sentence.

The denial of the petitioner's constitutional rights was a serious matter. Unaided by counsel, he was faced with charges of three crimes. Each of these crimes involved different degrees. Petitioner was not competent to decide whether he was properly charged with the correct degree of each crime. Nor was he competent to determine whether to plead guilty to any or all of the offenses. Those were complex legal problems as to which petitioner deserved legal aid. Yet that necessary aid was denied him. Nothing happened on the day of sentencing, moreover, to negative that fact. To sustain his conviction there-

fore fails to give petitioner the high degree of protection which his constitutional right to counsel deserves.

MR. JUSTICE RUTLEDGE, dissenting.

I agree with my brother MURPHY that the judgment should be reversed and join substantially in his opinion.

My conclusion rests squarely upon the fact, as I understand the record and the law of New York, that under that law a withdrawn plea of guilty is admissible in evidence against the accused at his later trial. *People* v. *Steinmetz*, 240 N. Y. 411, 148 N. E. 597. I have heretofore expressed my reasons for thinking that such a procedure involves a species of self-incrimination. *Wood* v. *United States*, 75 U. S. App. D. C. 274, 128 F. 2d 265. That question however has not been determined here, although it has been held on nonconstitutional grounds that in a federal court a withdrawn plea of guilty is not admissible. *Kercheval* v. *United States*, 274 U. S. 220. Nor has this Court decided whether such a procedure followed in a state court would be in violation of any constitutional provision.

In the setting of the facts in this case the significance of the New York rule is that the rule itself made it impossible for the full effects of petitioner's invalid plea of guilty to be wiped out even through a successful motion for withdrawal, had one been made by petitioner's attorney after his appearance in the cause following the plea and shortly before sentence.

It is not at all certain that the motion would have been successful. Had it been made and granted, petitioner by the State's law would have been confronted with the necessity of overcoming by proof the incriminating effect of his prior plea. His burden of defense thus increased not only would have been greater than if the invalid plea had not been made. It would have gone far to destroy the presumption of innocence to which he was entitled until otherwise and lawfully proved guilty. Finally his lawyer

presumably would have been cognizant of these facts. Imagination need not be stretched to believe that even the most competent attorney, confronted with such a situation, might have chosen to advise against moving to withdraw the plea rather than undertaking the heavy burden of meeting it by proof at the trial.

In my opinion the damage done by the original invalid plea was not removed by the attorney's eleventh-hour entry nor could it have been at that time, fully and effectively, in view of the existing state of the law and the facts. Accordingly, I think there was no effective waiver through the late entrance of counsel and his hampered advice, which as I understand is the only basis for the Court's decision. There was no choice but Hobson's.