Memorandum: The relator contends that, when in 1931 he was sentenced to Elmira Reformatory “ there to be dealt with according to law ”, after having been convicted of the crime of robbery, first degree, he was given an indeterminate sentence the maximum of which was fifteen years. Having now served more than fifteen years, he contends that he is entitled to his freedom. At the time the relator was sentenced, it was provided that robbery in the first degree was punishable by imprisonment for a term of not less than fifteen years. (Penal Law, § 2125; L. 1926, eh. 436.) It was further provided by section 2191 of the Penal Law that when a crime so declared by statute to be punishable by imprisonment for not less than a specified number of years and no limit of the duration of the imprisonment is declared, the offender may be sentenced to imprisonment during his natural life or for any number of years not less than the term prescribed in the statute. Thus the minimum term provided for the crime for which the relator was convicted was fifteen years and the maximum was the term of the natural life of the offender. (People ex rel. O’Berst v. Murphy, 256 App. Div. 58.) The sentencing court presumably having regard for this defendant’s youth, together with the fact that he was a first offender, sentenced him as above stated to Elmira Reformatory. Under such a sentence, the court had no discretion to fix a maximum term. The term of imprisonment is to be terminated by the Board of Parole in the Executive Department. (Correction Law, § 288; People v. Madden, 120 App. Div. 338.) When the relator was later transferred from Elmira Reformatory to State prison, he was required to serve a minimum of one year commencing with his imprisonment in the reformatory, and unless sooner discharged by the Parole Board, a maximum fixed by law for the crime for which he was convicted, i.e., his natural life. (Correction Law, § 293, subd. 3 [repealed L. 1946, eh. 215, § 3].) When section 288 of the Correction Law was amended by chapter 678 of the Laws of 1945 so as to provide that the maximum term of a prisoner sentenced to Elmira Reformatory shall be five years, that amendment of the law was prospective rather than retroactive and does not apply to the relator. (People ex rel. Russotto v. Brophy, 270 App. Div. 873; People ex rel. Paster v. Palmer, 274 App. Div. 856.) The power to terminate relator’s sentence rests in the Parole Board (Correction Law, § 281, subd. 3; § 288.) It was error therefore for the Special Term to sustain the writ of habeas corpus and order his release. All concur. (The order sustains a writ of habeas corpus and orders the discharge of relator.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.