Thomas Dickens J.
The defendant moves by means of this coram nobis proceeding to set aside his plea of guilty and asks leave to enter in place thereof a plea of not guilty.
The indictment, charging the defendant with the crime of attempted robbery in the first degree, is dated September 9,1936.
The crux of the application is that he was not informed of his right to be represented by counsel at the time he pleaded guilty.
Assuming the factual merit of his assertion concerning the court’s failure to inform him of the right to counsel at the time *425 of pleading, this court must nevertheless deny the application herein.
The reason is that the defendant admits in his affidavit that he was represented by counsel at the time of sentence.
This admission brings the defendant’s application within the purview of the adverse reasoning of the language of the court in Canizio v. New York (327 U. S. 82, 85-86, cited in People v. Matera, 132 N. Y. S. 2d 117, 119), where the court observed, with respect to a similar situation, as follows: ‘ ‘ The attorney could have moved to withdraw the plea of guilty and the County Court of Kings County would have had the power to set aside the plea and let the petitioner stand trial, New York Code of Criminal Procedure, § 337 * * * At any rate, whatever the reason, petitioner’s counsel did not move to withdraw the guilty plea. All of this demonstrated to the satisfaction of the court below that even though petitioner may not have had counsel at the beginning, he had counsel in ample time to take advantage of every defense which could have been available to him originally. We think the record shows that petitioner actually had the benefit of counsel. When that counsel took over petitioner’s defense, he could have raised the question of a defect in the earlier part of the proceedings. Failing to do so when the statute afforded him the opportunity, we cannot say that the court denied petitioner the right to have a trial with the benefit of counsel. ’ ’
The application is therefore denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.