Nicholas M. Pette, J.
Motion by each defendant for a certificate of reasonable doubt.
Defendants, husband and wife, were jointly indicted in Queens County for violation of subdivisions 2 and 3 of section 1751 of the Penal Law relating to narcotic drugs. The first count, based on subdivision 3, charged them with' felonious possession of a prohibited quantity of cannabis sativa (marijuana), and the second count predicated on subdivision 2, charged them with the same possession, but with intent to sell. After trial in Queens County Court, the jury found the husband not guilty on the first count but guilty on the second, while the wife was found guilty on the first count and not guilty on the second. On September 22, 1959, the court entered judgments of conviction on the verdicts, and defendants are now in custody in execution of the respective sentences.
On September 30,1959, defendants filed a joint notice of appeal to the Appellate Division, which appeal is pending.
Upon this motion defendants are represented by separate counsel who have submitted separate motion papers, stating several formal specifications of particular rulings alleged to have been erroneous upon the trial. Some of the separately urged grounds coincide, while others not specified by one defendant are adopted by the other. The course of the oral argument in which the District Attorney participated, focused the court’s attention upon two of said grounds which, without considering thé rest, in the opinion of this court, present arguable questions of law worthy of appellate consideration, and appear to justify *31 a reasonable doubt whether said judgments of conviction will stand.
First ground. Defendants originally pleaded not guilty, but thereafter the male defendant pleaded guilty to attempted possession under subdivision 3 of section 1751, a felony; and his wife pleaded guilty to possession as a misdemeanor, apparently under section 1751-a. Subsequently, before the entry of judgment on said pleas, the court permitted both defendants to withdraw their pleas. Upon the first trial the jury disagreed. Upon this trial, during the People’s main case, the District Attorney offered and the court received, without objection, the minutes of the pleas of guilty which had been withdrawn, and they were read to the jury. Neither defendant testified, but offered to prove through the Investigating Probation Officer that they had denied to him any guilt of the crimes to which they had pleaded guilty.
Upon the District Attorney’s objection to the direct examination of the officer, the court excluded the proof as a “ self-serving declaration made subsequent to the plea ”.
This court is of the opinion that the rejection of such proof merits appellate review, the material debatable issue being the competency of the alleged repudiation of the guilty pleas. The direct relevancy of the excluded testimony seems encompassed within the controlling principle of the doctrine which specifically allows proof of timely complaint by a defendant that his extrajudicial confession is the product of fear. (People v. Alex, 260 N. Y. 425.) That rule would appear applicable to similar asserted unlawful inducement for a confession of guilt in open court. Compare this with the rationale of People v. Steinmetz (240 N. Y. 411) equating the evidentiary value of extrajudicial confession for the plea of guilty.
If the rejected evidence "was competent, the exclusion constitutes prejudicial error in substantial respects. Appellate pronouncement will authoritatively resolve the problem.
Second ground. At the conclusion of the court’s charge upon the District Attorney’s request, the jury was instructed that they “ may consider ” pleas of guilty as an “ admission and confession of guilt ” and counsel for defendants excepted.
In this court’s opinion the instruction presents a serious question of constitutional law, first, about the admissibility of proof of the withdrawn pleas, whether or not objected to, and secondly, concerning their purported probative value, which the exception challenges. The pleas could be withdrawn only with the sanction and order of the court that had accepted them and only upon the exercise of sound discretion and presumably for cause *32 deemed meritorious and sufficient. (Code Crim. Pro., § 337; cf. People v. Gowasky, 244 N. Y. 451; Matter of Lyons v. Goldstein, 290 N. Y. 19.)
The material question is whether such setting aside of the pleas eradicated them from the record for all evidentiary purposes, that is, whether they were annulled as if they had never been, analogously to a judgment of conviction reversed on appeal. (Code Grim. Pro., § 544.)
Authorities differ on the subject, e.g., People v. Steinmetz (240 N. Y. 411, supra) holding that a plea of guilty, though withdrawn, is admissible upon the later trial of the same cause; Kercheval v. United States (274 U. S. 220), citing the Steinmets view but holding that the withdrawal expunges the record of the plea, that it ceases to be evidence, and that its reception upon the trial results in an unfair trial (People v. Ariano, 264 App. Div. 426 [2d Dept., 1942]) which implemented the rationale of the Kercheval case.
(See, also, Wood v. United States, 128 F. 2d 265, and annotations in 141 A. L. R. 1342 infra.) See, also, the dissenting opinions by Murphy and Rutledge, JJ., in Canizio v. New York (327 U. S. 82, 87) to the effect, as stated by Judge Rutledge (p. 91) about the reception upon the subsequent trial of a withdrawn guilty plea; “ Nor has this Court decided whether such a procedure followed in a state court would be in violation of any constitutional provision”, i.e., the protection from self-incrimination and the right to a fair trial enshrined in the due process clauses in both State and Federal Constitutions.
The motions for certificates of reasonable doubt are granted. Upon the District Attorney’s statement that defendants have no prior criminal record, bail on the certificates is fixed at $10,000 for the defendant James Paul Porter and $5,000 for the defendant Marlane Porter, both to be furnished by a surety company.
Submit certificate in the form of a court order together with a true copy thereof reciting briefly the two particular rulings believed by this court to have been erroneous, as herein stated. (Code Grim. Pro., § 527.) The order may contain additional provisions fixing said bail, with appropriate provisions to effectuate the posting thereof, and defendants discharge thereon by the Warden of the State Prison at Sing Sing or other place of confinement.