**UNITED STATES of America ex rel. Peter SPINELLO, Appellant,**

v.

**SUPERINTENDENT, DANNEMORA STATE HOSPITAL, DANNEMORA, NEW YORK, Appellee.**

**No. 198, Docket 29988.**

United States Court of Appeals
Second Circuit.

Argued Dec. 16, 1965.

Decided Jan. 10, 1966.

the benefit of counsel. When that counsel took over petitioner's defense he could have raised the question of a defect in the earlier part of the proceedings."

Accord, United States ex rel. Caccio v. Fay, 350 F.2d 214 (2d Cir. 1965).

■ The New York courts have already fully examined and rejected appellant's claim that he was mentally incompetent. Since appellant alleges nothing which would cast any doubt on the correctness of that conclusion, we see no reason for granting him a further hearing.

Affirmed.

———◆———

Frances Kahn, New York City, for appellant.

Brenda Soloff, Deputy Asst. Atty. Gen., of New York (Louis J. Lefkowitz, Atty. Gen. of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for appellee.

Before WATERMAN, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

Appellant, who is presently incarcerated in Dannemora State Hospital, was convicted of first degree robbery in 1950. He attacks the validity of his sentence as a second felony offender.

■ Appellant claims that he was not represented by counsel, and was "mentally and legally incompetent" when he entered a plea of guilty to a robbery charge in 1938. The record shows that appellant was represented by counsel at his sentencing; no attack was made on the prior plea at that time. Given these circumstances, appellant's first contention is answered in Canizio v. New York, 327 U.S. 82, 86, 66 S.Ct. 452, 453, 90 L. Ed. 545 (1946):

"[E]ven though petitioner may not have had counsel at the beginning, he had counsel in ample time to take advantage of every defense which would have been available to him originally. We think the record shows that petitioner actually had