William T. HOUSTON, Petitioner,

v.

Stonney R. LANE, etc. et al.,
Respondents.

Civ. No. 2–78–170.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 23, 1978.

William T. Houston, pro se.

William M. Leech, Atty. Gen., State of Tenn., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

. The petitioner Mr. William Thomas Houston, a person in the custody of the respondent–warden pursuant to the judgment of April 29, 1977 in *State of Tennessee v. William Thomas Houston*, no. 12331 in the Criminal Court of Washington County, Tennessee, claims that he is in such custody in violation of the Constitution, First, Fifth, Sixth and Fourteenth Amendments. 28 U.S.C. § 2254(a). He claims the exhaustion of his state remedies, 28 U.S.C. § 2254(b), by the appeal of his judgment of conviction

for the crime of murder in the first degree in *William Thomas Houston*, appellant, v. *State of Tennessee*, appellee no. 124, Washington County, in the Court of Criminal Appeals of Tennessee, judgment of April 17, 1978 affirming the judgment of the lower court, and by seeking certiorari to such Court in *William Thomas Houston*, petitioner, v. *State of Tennessee*, respondent, Washington Criminal, docket no. 124, C.C.A., in the Supreme Court of Tennessee, denied June 26, 1978.

This Court FINDS that the applicant so exhausted available remedies under the laws of Tennessee in the courts of Tennessee only as to his claims (in his 12½ page petition) of:

- the illegality of his extradition,
- the denial to him of a preliminary hearing,
- the denial of assistance of counsel,
- the denial of due process by:
  - failure to provide him seasonably with an allegedly exculpatory out-of-court statement of a witness,
  - through an in-court identification of him by the same witness, and
  - denial of a continuance to enable him to procure the attendance of a witness in his behalf, and
- the threatened use against him in trial for impeachment of a stale conviction.

Other claims advanced in this Court by the applicant have not been presented fairly to the courts of Tennessee and thus cannot be considered by this Court. " * * * [E]xhaustion of state remedies is required as a prerequisite to consideration of each claim sought to be presented in [a] federal habeas [corpus proceeding]. * * * " *Pitchess v. Davis* (1975), 421 U.S. 482, 487, 95 S.Ct. 1748, 1751, 44 L.Ed.2d 317, 322[1].

■ There is nothing in the federal Constitution that requires this Court to permit a guilty person convicted rightfully to escape justice merely because he was brought to trial by irregular extradition proceedings. *Pettibone v. Nichols* (1906), 203 U.S. 192, 205, 27 S.Ct. 111, 114, 51 L.Ed. 148, 153–154 (headnote 2); *cf.* also *Frisbie v. Collins* (1952), 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541, 545–546.

■ The Constitution, Fourth Amendment, required a timely judicial determination of probable cause as a prerequisite to the applicant's detention. *Gerstein v. Pugh* (1975), 420 U.S. 103, 126, 95 S.Ct. 854, 869, 43 L.Ed.2d 54, 72 [1d]. Tennessee provides by statute that an accused person who is indicted before he has been afforded a preliminary hearing on a warrant may abate such an indictment by motion within 30 days of his arrest. T.C.A. § 40–1131. It is undisputed in the state court record that the applicant did not object to the want of a preliminary hearing herein by motion or otherwise before entering his plea of not guilty to the indictment. Therefore, the applicant waived his right to a hearing and cannot now complain that he was denied a preliminary hearing. *Dowdell v. United States* (1911), 221 U.S. 325, 332, 31 S.Ct. 590, 592, 55 L.Ed.2d 753, 758 (headnote 4).

■ There was no federal constitutional violation of the applicant's rights under either the Sixth or the Fourteenth Amendment because of the delay in the appointment of counsel for him. Although an accused person is entitled to the assistance of counsel from the time of arraignment until the beginning of the trial " * * * when consultation, thorough-going investigation and preparation [are] vitally important, * * * " *Powell v. Alabama* (1932), 287 U.S. 45, 57, 53 S.Ct. 55, 59, 77 L.Ed. 158, 164 (headnote 4), the delay in this instance was only 20 days. The state court record reflects that, although Mr. Houston may not have had assistance of counsel from the time he showed his indigent condition, " * * * he had counsel in ample time to take advantage of every defense which would have been available to him originally. * * * " See *Canzio v. New York* (1946), 327 U.S. 82, 86, 66 S.Ct. 452, 453, 90 L.Ed. 545, 548.

Mr. Houston contends that his right to the assistance of counsel, Constitution, Sixth Amendment, was violated at a critical stage of the proceedings against him when the witness Mrs. Jayco identified him in the

absence of counsel as the murderer of his victim. *United States v. Wade* (1967), 388 U.S. 218, 237, 87 S.Ct. 1926, 1937, 18 L.Ed.2d 1149, 1162–1163[13]. However, " * * * the Sixth Amendment does not grant the right to counsel at photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification of the offender. * * * " *United States v. Ash* (1973), 413 U.S. 300, 321, 93 S.Ct. 2568, 2579, 37 L.Ed.2d 619, 633[11].

The applicant insists that his federal right to notice from the prosecution of a witness whose testimony might tend to exculpate him was violated when the prosecuting attorney listed on the indictment herein the maiden name of a witness who testified against him. This does not state a federal constitutional claim. It is only the name of a witness known to the prosecution whose testimony might tend to exculpate an accused person that the Constitution requires to be disclosed. *Brady v. Maryland* (1963), 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215, 218 (headnote 3). The testimony of Mrs. Kathy Weber Jayco, *nee* Kathy Webber, that the murderer stuttered, proved to be nonexculpatory of the applicant when members of his family testified that he had a drinking problem and stuttered when he was drinking.

The contention of the applicant that the trial judge committed constitutional error in denying his motion for a continuance of the trial at the conclusion of all the proof is likewise without merit. The continuance was sought so that Mr. Houston could secure a character witness to impeach the testimony of his brother. That witness had not been subpoenaed.

The decision whether to grant a continuance is committed to the sound discretion of the trial judge and that discretion is abused only where the denial of such a motion denies the defendant his right to the effective assistance of counsel, Constitution, Sixth Amendment. *United States v. Faulkner*, C.A. 6th (1976), 538 F.2d 724, 729[11]. The applicant made no showing of prejudice, and if such prejudice did exist, it was the result of his own failure to subpoena that witness.

And finally, the argument of Mr. Houston that some unspecified federal right he enjoyed was infringed when the trial judge declined to announce in advance of the commencement of trial whether he would exclude from impeachment efforts of the prosecution a stale conviction of the applicant lacks merit. This contention would have arisen to federal constitutional proportions only if it would have deprived the applicant of an otherwise fair trial. In Tennessee, " * * * [t]he general rule is that when a defendant elects to place himself on the stand as a witness, he can be treated in all respects as any other witness, and may be impeached by cross–examination as to former convictions that involve moral turpitude. *Brooks v. State*, 187 Tenn. 67, 213 S.W.[2d 7]. This rule is subject to the limitation that the convictions be not too remote in time. *Cooper v. State*, 123 Tenn. 37, 138 S.W. 826. * * * " *McCloudy v. State*, Tenn.C.C.A. (1974), 513 S.W.2d 192 [5, 6], certiorari denied (1974). Unless and until the applicant elected to place himself on the stand as a witness, there was no occasion for the trial judge in the applicant's case to have given him an advisory ruling. Courts are not permitted to render advisory opinions. *Golden v. Zwickler* (1969), 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113, 117[2–5].

It results that, for the reasons stated hereinabove, the petitioner Mr. William T. Houston hereby is denied all relief herein. Rule 58(1), Federal Rules of Civil Procedure. Should the applicant give timely notice of an appeal from the judgment to be entered herein, such will also be treated as an application for a certificate of probable cause. See Rule 22(b), Federal Rules of Appellate Procedure. As to the grounds considered herein such certificate shall ISSUE; but as to the other grounds not considered by this Court such certificate shall not issue for the failure of the applicant to exhaust his state remedies. *Idem.*