## GANN v. PESCOR.
### No. 13584.

Circuit Court of Appeals, Eighth Circuit.

Nov. 18, 1947.

John R. Stockham, of St. Louis, Mo. (acting under appointment of this Court) for appellant.

Richard H. Musser, Asst. U. S. Atty., of Kansas City, Mo. (Sam M. Wear, U. S. Atty., of Springfield, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

George B. Gann, Jr., a prisoner at the Medical Center for Federal Prisoners at Springfield, Missouri, appeals from a judgment denying him discharge on habeas corpus, entered after a trial of the issues presented by his petition for the writ, the return and the record of the proceedings under which he is held in custody. The record shows that he was indicted in Tennessee on four counts for violation of 18 U.S.C.A. § 76, which denounces false impersonation of officers or obtaining money in such pretended character, and that having been arraigned and having pleaded guilty he was sentenced on his plea to a total of five years imprisonment and that he is now serving out the sentence.

His petition for the writ of habeas corpus contained much scurrilous matter and while he was testifying as a witness in his own behalf he stated under questioning by the trial court that the petition had been prepared by a fellow prisoner and he denied responsibility for such matter. There are also allegations and the petitioner gave evidence which was not believed by the trial court and which do not appear credible. But it was sufficiently alleged and it appeared to the court from the evidence that appellant was without counsel when he was arraigned and when he pleaded guilty and this we think presents the only substantial question. On first impression the court concluded that the arraignment and plea were on that account invalid and gave judgment for petitioner.

There was testimony, however, that at the morning session of the District court at Memphis the grand jury returned the indictment against the appellant and also other indictments into open court and that at the afternoon session of the court, beginning at 2 o'clock on the same day, several prisoners, the appellant among them, were brought into court together and were severally arraigned upon the respective indictments against them. Appellant was arraigned in his turn by the clerk reading the indictment to him (omitting it, may be, some formal parts) and asking him, "How do you plead, guilty or not guilty?" and appellant said "Guilty." There were attorneys present in the court room at the time, and particularly Mr. George A. LaManna, a practicing member of the bar, was sitting in the jury box waiting for one of his cases to come up. He saw what occurred as to appellant and he heard the arraignment and plea. The presiding judge then appointed Mr. LaManna to represent the accused. Mr. LaManna testified that the indictment was then handed to him and he "took that aside with the defendant and talked with him and I went over the indictment with him and he said he did exactly what was in there. * * * He told

me that those things in the indictment were true." Mr. LaManna made it very clear that he would have advised a change of plea and requested a trial if he had found any justification, but he testified that he did not see any ground for changing the plea "for the reason that he [appellant] told me the facts as alleged in the indictment were true. He admitted to that and the only thing I could do for him was to try to get him off as light as possible and it was agreed between both of us that nothing else could be done." When the appellant was called up to the bench in his turn to receive sentence, Mr. LaManna presented to the judge the facts in extenuation that he had obtained from the appellant and the sentence was imposed.

After full hearing and consideration of a motion for new trial on behalf of the warden the court concluded that on the state of facts the decision of the Supreme Court in Canizio v. New York, 327 U.S. 82, 66 S.Ct. 452, 453, 90 L.Ed. 545, was controlling, and that appellant was not deprived of his liberty without due process and that he was not unlawfully restrained of his liberty. The first judgment was vacated and the judgment appealed from was entered accordingly.

Although the appellant's testimony discloses that he has been subject to epileptic fits since childhood and has been the victim of grievous sufferings and misfortunes, there is nothing in the record to take his petition for habeas corpus out of the ruling of the Supreme Court in the Canizio decision. In that case the Supreme Court said, "We shall assume that petitioner [who was nineteen years old and unfamiliar with legal proceedings] [1] was without counsel when arraigned and when he pleaded guilty and that although he was unfamiliar with his legal rights, the court failed to inform him of his right to counsel," but before sentence was imposed counsel was appointed. That counsel "could have raised the question of a defect in the earlier part of the proceedings." He did not do so but the Supreme Court was convinced that Canizio actually had the benefit of counsel and it refused to hold that the petitioner had been denied the right to have a trial with the benefit of counsel. Here the case against the writ is fully as strong in view of the fact that the appointment of counsel in this case was made immediately after the arraignment and plea, and the appellant and appointed counsel were in the presence of the court until the sentence was imposed.

It is argued here that this case should be distinguished because the prosecution of Canizio was in a state court, and here we have to deal with a federal prosecution. But the Canizio opinion forecloses the contention. It is pointed out in the footnotes to the opinion (327 U.S. 82, at pages 86, 87, 66 S.Ct. 452, 90 L.Ed. 545) that the United States Supreme Court has held that a withdrawn guilty plea is not admissible in evidence upon a federal prosecution and that denial of a motion to withdraw such plea could be appealed from, and undoubtedly if this appellant or his counsel had made the claims under a motion to withdraw his guilty plea which he has made in his petition for habeas corpus, among others that he was not guilty and had been misled and coerced by federal agents, it would have been reversible error to deny the withdrawal of the plea. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 637. The judge who had sentenced him testified that under the thoroughly understood practice in his court the appellant had a perfect right to withdraw his guilty plea. A principal ground of dissent in the Canizio case was that in New York, where Canizio was sentenced, a withdrawn guilty plea might be received in evidence against him. But the court held that the assistance of counsel accorded to and availed of by Canizio before sentence satisfied the requirements of due process. Such requirements were equally satisfied in this case. Gann had the full benefit of competent counsel in ample time to protect his rights. His statement to his counsel that the allegations of the indictment were true precluded withdrawal of his plea of guilty and the only thing left, the plea to the court for a light sentence, was duly made for him by his counsel.

The judgment appealed from was without error and is affirmed.

---

[1] Interpolated.