**HIATT, Warden, v. GANN.**

**No. 12517.**

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1948.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellant.

W. Paul Carpenter, of Atlanta, Ga., for appellee.

Before HUTCHESON, SIBLEY and WALLER, Circuit Judges.

PER CURIAM.

His first petition for habeas corpus, filed in the Western District of Missouri,[1] having, after full hearing, been denied, Gann applied again, this time in the Northern District of Georgia, making the same contentions and the same proof. After a full and exhaustive hearing, in which applicant was represented by court appointed counsel, and upon full consideration, the district judge, carefully canvassed and categorically rejected all of petitioner's contentions in point of law and of fact except one. This was that, applicant having pleaded guilty before counsel was appointed for him, the subsequent appointment was not a compliance with the requirement for due process, that a defendant have or intelligently waive the assistance of counsel, and that the judgment and sentence was thereby rendered void.

Appealing, the warden is here insisting that in so ruling, the judge went counter to the opinion in the Gann case, supra, and that in Canizio v. New York, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545. He further in-

---

[1] Gann v. Pescor, 8 Cir., 164 F.2d 113.

474

sists that the ruling went counter also to the essential verities of the case as they are established by the undisputed facts as to the taking of the plea, the appointment of counsel, the statements made by Gann to counsel and the subsequent proceedings in the case.

The district judge recognized clearly that his conclusion of law was directly contrary to that announced in Gann's case. Declaring that because the prosecution of Canizio was in a state court and of Gann in a federal court, the decision in Canizio's case was not controlling, he expressly declined to follow the opinion of the Gann case that it was, and, without citing any authority directly in point, proceeded to his holding that the applicant should be discharged.

We are in no doubt that it was error to so rule. Since the facts are fully stated and the reasons for the holding are clearly set out in the Gann case, it will serve no useful purpose for us to restate them. It is sufficient for us to say that for the reasons given in the Gann and Canizio cases, supra, the judgment is reversed and the cause is remanded for further and not inconsistent proceedings.