**WILLIAMS v. SWOPE.**

No. 12538.

United States Court of Appeals Ninth Circuit.

Jan. 22, 1951.

Theodore Tamba, San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant, hereinafter referred to as petitioner, filed in the United States District Court for the Northern District of California, Southern Division, hereinafter referred to as the California court, a petition for writ of habeas corpus. An order to show cause was issued, return was made by respondent and a traverse filed by petitioner. Thereafter, a writ of habeas corpus was issued and a hearing had. Oral and documentary evidence was presented. At the conclusion of the hearing the California court denied the application and discharged the writ.

On September 6, 1945, petitioner entered a plea of guilty to a charge of violating the Dyer Act.[1] This plea was entered in the District Court of the United States for the Western District of Tennessee, hereinafter referred to as the Tennessee court. The indictment contained two counts and sentence of five years was imposed on each count, to run consecutively. Petitioner was not represented by counsel. He now says that he did not intelligently, competently, intentionally, freely and voluntarily waive the assistance of counsel and that his plea of guilty was *"perhaps* induced by

1. 1948 Revised Judicial Code, 28 U.S.C.A. §§ 2311–2313.

some federal official." The California Court found against petitioner on both contentions.

It is well to state here that petitioner filed a motion under 28 U.S.C.A. § 2255 with the Tennessee court (the court that pronounced the judgment) to vacate the judgment. The motion was denied, an appeal was taken and the order affirmed by the Court of Appeals for the Sixth Circuit. Williams v. United States, 177 F.2d 204.

The compass of our inquiry in determining whether or not the contentions of petitioner are valid is well defined. It is: Did the sentencing judge discharge "the solemn duty" to make "a thorough inquiry and to take all steps necessary to insure the fullest protection of * * * [the] constitutional right" to be represented by counsel at all stages of the proceedings? Von Moltke v. Gillies, 332 U.S. 708, 722, 68 S.Ct. 316, 92 L.Ed. 309.

In answering such a question, each case must be considered and determined on its own particular facts. What may fully apprise the habitual criminal who has traveled the same path many times might not be adequate in dealing with the inexperienced. In short, it would seem to require no more than a common sense and practical approach. Turning to the instant case we have a petitioner, young in years at the time of sentence (about 20 years), with no more than a fifth grade education, but already experienced in the commission of crime and familiar with court proceedings. Previous to the crimes involved in the instant case he had been convicted in a federal court of a violation of the Dyer Act and sentenced to a year and a day in Chillicothe Penitentiary, from which he was ultimately released. He was later convicted in the state courts of Virginia for auto thefts and for breaking and entering and was sentenced to consecutive terms in the state penitentiary. While serving the state sentences he was transferred to the "chain gang," escaped and was recaptured. He made a second escape by knocking down a guard, securing his gun and shooting at the guard. He was at large for a time during which he stole automobiles, food and clothing. He was apprehended by the Military Police for unlawfully wearing a military uniform, placed in a stockade, escaped and resumed his criminal activities until apprehended on the charges involved in the instant case. We detail the criminal record and court experiences of petitioner, not as an argument that he should not be accorded his full and complete constitutional rights, but to shed light upon the problem confronting us as to whether the petitioner was sufficiently advised of his right to counsel in the Tennessee court. The record of those proceedings is as follows:

"By the Clerk: Richard Williams. You are Richard Williams? A. Yes sir.

"Q. It is charged in the indictment that on or about the 29th day of June 1945 you did unlawfully, knowingly, wilfully and feloniously transport in interstate commerce (Reads indictment). How do you plead guilty, or not guilty? A. Guilty.

"The Clerk: He pleads guilty, Your Honor.

"By the Court: Q. Mr. Williams, do you have a lawyer? A. No, sir.

"Q. Any money with which to pay a lawyer? A. Your Honor, I don't need a lawyer.

"Q. You don't object to the Court's appointing a lawyer to advise with you and talk for you? It is very helpful to have a lawyer? A. I don't want a lawyer.

"Q. You don't want a lawyer? A. No, sir.

"Q. You understand you have under the law the right to have one? A. Yes, sir.

"Q. You would prefer to represent yourself? A. Yes, sir.

"The Court: All right. I won't insist on you having a lawyer under those conditions.

"Mr. Farnsworth: Mr. Williams, would you like to see a copy of this indictment? (Indictment handed to defendant.)

*    *    *    *    *    *

"(Second call)

"Mr. Farnsworth: Your Honor, may I now address the Court with reference to case number 6718. May I take up that case? It is the case in which Mr. Williams

desires to represent himself, and declined to have counsel.

"The Court: All right. Come around, Mr. Williams. All right, Mr. Williams, when you were arraigned today you said you desired to represent yourself? A. Yes, sir.

"Q. Did not want a lawyer to advise with you about it. I believe I advised you of your right to have a lawyer? A. Yes sir.

"Q. Do you understand what the charges are in this indictment? A. Yes sir.

"Q. Have you been furnished with a copy of the indictment? A. Yes sir.

"Q. You have been charged with two separate offenses of transporting automobiles in violation of the Dyer Act; you understand that, do you? A. Yes sir.

"Q. One care taken from Memphis to Batesville, Mississippi; another one from Dyersburg, Tenn. to a point between the cities of Paducah and Louisville, in the state of Kentucky. You understand that, do you? A. Yes sir."

Some difficulty was experienced in resolving the question whether the informing of defendant of his right to counsel after the plea had been entered could be said to have satisfied the constitutional requirement that he be given that right at every stage of the proceeding. However, we found an answer in the cases of Canizio v. New York, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545; Gann v. Pescor, 8 Cir., 164 F.2d 113; Hiatt v. Gann, 5 Cir., 170 F.2d 473. We think these cases establish that *timing* alone does not control. True, in the cases cited, a subsequent appointment of counsel protected the rights of the accused. In the instant case the facts establish to our satisfaction that the waiver of counsel by petitioner would have been the same had the advice of the Court been given prior to plea. The trial Court carefully instructed petitioner as to his right to counsel and explained the charge set forth in the indictment. The information given petitioner in this respect was entirely adequate. The attitude of petitioner before the court convinces us, as it must have convinced the Tennessee court, that the appointment of counsel would have been a useless formality. The petitioner insisted upon pleading guilty, and made it clear to the Tennessee court that he had a definite purpose in mind. This is disclosed by the following colloquy between petitioner and the Court:

"The Court: Do you desire to make any statement about it at this time, Mr. Williams?

"The Defendant: No sir. The only thing I have to say is—it sounds foolish, I know, but I would like to get all the time I could on these two charges. I would like to stay in a Federal Institution.

"The Court: Would what?

"A. Would like to say in a Federal Institution. I do not want to go back to Virginia.

"Mr. Farnsworth: He has always contended that, that he didn't want to go back to Virginia, under any circumstances."

Petitioner's career in crime had brought him to a crossroad. One road led to prosecution in the federal court; another, he believed, led to prosecution in the state courts of Virginia. He evidenced an awareness of guilt as to violation of both federal and state law. He chose punishment for violation of federal law hoping thus to avoid punishment under state law. It is not too much to say that counsel appointed by the Court could not have deterred petitioner from this choice. The probability of an acquittal in the federal court was not what he was contemplating. He desired federal rather than state custody, and to that end insisted upon entering a plea of guilty. The reasoning underlying the choice, as reflected by the record, evidences the exercise of a cool and sober judgment, as distinguished from a confused state of mind. Assuming that petitioner's decision was based on an erroneous belief that he had killed a Virginia guard in escaping from the chain gang, and that he was subject to prosecution for murder in Virginia, as he now asserts and which we seriously doubt, the fact remains that he was advised of and understood the nature and quality of his act in pleading

guilty in the federal court. All this leads to but one conclusion—that the trial Court fully met its duty to take all steps necessary to insure the fullest protection of petitioner's constitutional rights at every stage of the proceeding and that petitioner intelligently, competently, intentionally, freely and voluntarily waived his right to the assistance of counsel.

The contention of petitioner that he was induced to enter a plea of guilty by reason of fraud, trickery, misrepresentation, force and coercion practised upon him by agents, officers, employees and representatives of the Government, was resolved, against him by the California court. The evidence was both oral and documentary. We have examined that evidence and think the California court drew the correct inferences therefrom and reached the correct conclusion.

The order appealed from is affirmed.