Irwin D. Davidson, J.
Defendant moves by writ of error coram nobis to vacate and set aside a conviction by plea entered June 3,1936 to the crime of grand larceny in the second degree. On June 18, 1936, he was sentenced to the New York State Vocational Institution.
Defendant claims that, although an attorney was assigned to represent him, no attorney appeared at the time of his plea and that he entered his plea without the aid of counsel. A hearing was ordered and testimony was taken on this issue.
It appears from the court records that the defendant pleaded not guilty on May 22, 1936. On May 26, 1936, Harold M. Grossman, 1134 Leggett Avenue, Bronx, New York, was recorded as attorney for defendant. The notice of appearance book of the Court of General Sessions on the date of May 26, 1936 also contains the same notation.
The minutes of plea of June 3,1936 are not available. Apparently, in former years it was not the practice to transcribe such minutes. However, the sentence minutes of June 18, 1936 were transcribed and are before the court.
On this hearing petitioner has the burden of establishing that his constitutional rights were violated, i.e., that he had no lawyer or was not advised of his right to have a lawyer (People v. Chait, 7 A D 2d 399; People v. Oddo, 283 App. Div. 497; People v. Barber, 276 App. Div. 1040).
Petitioner’s contentions must be established convincingly and by a preponderance of the credible evidence (People v. Chait, supra; People v. Milo, 4 A D 2d 679; People v. Adams, 1 A D 2d 783).
In circumstances of this kind great weight should be accorded to the presumption of regularity of the judicial process — a presumption that those charged with the administration of justice have performed their duties properly (People ex rel. Asaro v. Morhous, 268 App. Div. 1016, appeal dismissed 294 N. Y. 694; People v. Chait, supra).
At the hearing Harold M. Grossman, the attorney whose name appears of record for the petitioner, who I believe is a com *1063 pletely disinterested witness, testified from memory that he never represented the petitioner in the Court of General Sessions. He said that his records were stored in a remote country place and, although he had not consulted those records in over 20 years, he kept an index to those records in his office and that such index does not contain Jardine’s name. He emphatically asserted that he never appeared for Jardine in the Court of General Sessions and he was not present when the petitioner pleaded guilty before the late Judge Cornelius F. Corliss.
He admits having taken assignments to represent defendants in the Felony Court, but at this time he does not remember any of the names of the individuals he represented or any facts pertaining to their cases.
When asked how he explained the fact that his name appeared as attorney of record for the petitioner, he suggested that it was possible he may have represented the petitioner in the Magistrates’ Court and that possibly his name had been passed along to the Court of General Sessions or that he had given his card to the petitioner, who in turn gave it to the Clerk at the time he was arraigned. He categorically stated that he made only two appearances in the Court of General Sessions, one in a homicide case and the other in a robbery case in which he represented a young white defendant, while this petitioner is a colored man. Grossman is very certain that he never represented the petitioner in this court.
The Felony Court papers show that no attorney appeared for the petitioner either at the time of his arraignment on May 10, 1936, or on the adjourned day, May 12, 1936. The General Sessions records show that on his first appearance on May 22, 1936, petitioner pleaded not guilty. On May 26, 1936, Harold M. Grossman was recorded as the attorney for petitioner. On June 3, 1936, he pleaded guilty to the crime of grand larceny in the second degree to cover the indictment charging robbery in the first degree. Clearly that plea was entered after Gross-man’s name had been recorded as aforesaid.
In his testimony, petitioner states he does not remember the circumstances of his arraignment in the Magistrates’ Court, but believes he appeared there only once, and was then transferred to General Sessions. He asserts that in General Sessions the Judge told him he would assign a lawyer to him because he did not have any money.
He remembers he pleaded not guilty the first time and a few days later was transferred to Part VIII where he pleaded guilty to the crime of grand larceny in the second degree after talking to the Assistant District Attorney who told bim he would 1 ‘ get *1064 a break if he copped out,5 ’ but that no lawyer spoke to him or advised him. He said the Judge first asked him if he would accept a plea of grand larceny in the second degree and then turned to the Assistant District' Attorney who consented that that plea be accepted by the court.
The petitioner admits that on the sentence day, June 18, 1936, due to the absence of the attorney of record, Judge Collins asked Robert Fitzsimmons, an attorney, to represent the petitioner on sentence and Mr. Fitzsimmons did so.
This case presents a rather anomalous situation. While admitting that a lawyer was assigned to him, petitioner claims that he never discussed the case with his assigned lawyer, while the lawyer whose name is recorded as attorney for petitioner denies that he ever filed a notice of appearance for this petitioner in General Sessions or ever represented or consulted with him.
The testimony of both the attorney and petitioner is at variance with the facts reflected by the record. The attorney testified he never appeared for the petitioner in General Sessions but thought he had appeared for him in the Magistrates’ Court. The records of the Magistrates ’ Court show no attorney appeared for petitioner in that court, but the records of General Sessions show the name, address and telephone number of Harold M. Grossman as attorney of record for the petitioner.
Petitioner testified that he appeared but once in the Magistrates’ Court, while the record shows he made two appearances there. Also, that he was assigned counsel in General Sessions, which fact is borne out by the record, but according to him such counsel never appeared, never consulted with or advised him before he entered his plea. He admits, however, that Robert Fitzsimmons, an attorney, was assigned to represent him at the time sentence was imposed, a fact borne out by the record.
It appears that the defendant tailored his testimony to fit the facts as he learned them from the papers which he obtained from this court while in confinement. Being unfamiliar with the Magistrates’ Court’s record, he said he only made one appearance there. Knowing that the General Sessions ’ records showed Harold M. Grossman as his attorney, he admits he was assigned an attorney but, since there are no pleading minutes available, he denies that the attorney was present at the time of his plea.
Unquestionably, the passage of time, 24 years, has dimmed the recollection of Mr. Grossman and may have clouded his memory. Petitioner, a vitally interested party, would have ample reason to slant his testimony to benefit himself. For that reason the court is not bound to accept his naked assertion even though it is not directly contradicted (People v. Pilkington, 2 A D 2d 731).
*1065 In any event, the mere physical absence of a defendant’s lawyer at the time of entry of a guilty plea does not vitiate the conviction, where the defendant knowingly and deliberately enters such plea (People v. Phillips, 301 N. Y. 733; People v. Palmer, 296 N. Y. 324; People ex rel. Harrington v. Martin, 263 App. Div. 922; People v. Martin, 1 Misc 2d 76). Such is the fact here. Defendant knowingly and deliberately entered a plea to the crime of grand larceny in the second degree which was a substantially lower degree of crime than that charged in the indictment, and thereby obtained for himself a material benefit. The court is fortified by the stenographic transcript of the minutes of sentence which show that Robert Fitzsimmons, at the court’s request, and because of the absence of petitioner’s attorney of record, requested him to represent the petitioner during the imposition of sentence. Mr. Fitzsimmons informed the court, unquestionably, after consulting with the defendant, that this was his, defendant’s, first conflict with the law. Neither he nor defendant made any statement that defendant had not been represented by an attorney at the time the guilty plea was entered or that defendant had not been advised of his right to consult with an attorney before entering his plea, and it must be clear that defendant was well satisfied with the plea at the time he entered it in June, 1936. It was only bcause the succeeding years have brought new convictions to the defendant, which have resulted in increased punishment, that cause defendant’s dissatisfaction with his plea in this case.
The court is not unmindful of the holding in People v. Conroy (1 A D 2d 513), which turned on the absence of official court records. Neither the indictment, the Clerk’s minutes nor certificate of conviction had been produced. The attorney whose name was written in pencil on a form which carried the legend “ Questions Before Sentence ” testified to his best recollection that he did not represent the defendant. There was no proof in that case that it was a general custom to write the name of an attorney appearing for a defendant on that form. The court, in vacating the conviction, held that there was no evidence on the record to refute the clear and positive testimony that the defendant was not accorded the constitutional and statutory rights due him.
In the instant case the record is clear that Harold M. Gross-man was attorney of record for defendant on May 26,1936, many days before defendant pleaded guilty, and that defendant was in any event represented by an attorney at the time of sentence.
Where the record reflects the fact that an attorney appeared for the defendant at the time of sentence, such representation is *1066 sufficient to protect the constitutional rights of a defendant (Canizio v. New York, 327 U. S. 82 ; People v. Jones, 1 N Y 2d 665), since a plea of guilty could still be withdrawn and a trial demanded (People v. Chait, 7 A D 2d 399, supra).
From the- credible evidence and the documentary proof, defendant has failed to overcome the presumption of regularity surrounding his conviction. Accordingly, his motion for a writ of error coram nobis is in all respects denied.
The District Attorney is directed to submit an order in conformity with this decision and serve a certified copy upon the defendant in the place where he is confined.