**UNITED STATES of America ex rel. Theodore JARDINE, Petitioner,**

v.

**Hon. Daniel McMANN, as Warden of Clinton Prison, Dannemora, New York, and the New York State Board of Parole, Respondents.**

Civ. No. 10354.

United States District Court
N. D. New York.

Oct. 18, 1965.

Anthony F. Marra, Legal Aid Soc., New York City, for petitioner, Joshua N. Koplovitz, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., State of New York, Albany, N. Y., for respondent, Joseph R. Castellani, Asst. Atty. Gen., of counsel.

JAMES T. FOLEY, Chief Judge.

This petitioner, when the application was prepared and filed in this Court by The Legal Aid Society attorneys of New York, was confined in Clinton Prison on two separate Robbery convictions. One was rendered in Dutchess County December 23, 1952 for Robbery first degree and sentenced him as a second offender to a term of 15–30 years; the other from the former Court of General Sessions, dated February 17, 1953, for Robbery second degree, with a sentence of 7½–15 years to run concurrently with the Dutchess County sentence. Since the filing of this application for federal habeas corpus, a handwritten letter dated May 4, 1965 was received from the petitioner advising he was free on parole, requesting the Board of Parole be added in the title, which has been done, and giving his address in New York City. It is apparent from the letter the petitioner, as many do for reasons only known to them, persists in his right to decision even though free on parole. It seems a risky chance, in my judgment, if he prevails and were to be resentenced on two separate Robbery convictions in different counties of New York. (See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285; United States ex rel. Von Cseh v. Fay, 2 Cir., 313 F.2d 620; Penal Law New York, McKinney's Unconsol. Laws, c. 40, §§ 2125, 2127).

The challenge in this federal habeas corpus proceeding is to a June 18, 1936 conviction of the petitioner upon his plea to Grand Larceny, second degree, under an indictment that charged Robbery first degree, Assault, second degree, and criminally receiving stolen property. The petitioner was sentenced on June 18, 1936 to an indefinite term in the New York State Vocational School. No direct appeal was ever taken from the judgment of conviction which, of course, was used as the predicate conviction under New York law to sentence as a second offender for the two Robbery convictions.

The able lawyers of the Legal Aid Society, after petitioner's own initiation of the coram nobis proceeding in 1960, represented him at the coram nobis hearing and through the State appellate courts, including the filing of petition for certiorari in the United States Supreme Court. It is worthwhile to set down the saga of judicial review already had if only to mark we are at a starting point again that may reach the United States Supreme Court where it already has been.

Supreme Court Justice Irwin D. Davidson held a hearing May 17, 1960 on the coram nobis motion. The transcript of the hearing minutes—68 pages—has

been furnished on this application and it is conceded an adequate hearing record was made. There has been added here an additional affidavit by Attorney Grossman, who testified at the hearing, which in my judgment is of small consequence in elaboration of a minor detail. Judge Davidson then wrote a seven-page decision dated June 6, 1960, denying distinctly in all respects the motion for the writ of error coram nobis. (People v. Jardine. 24 Misc.2d 1061, 203 N.Y.S.2d 454). The denial was affirmed, no opinion. (13 A.D.2d 764, 217 N.Y.S.2d 501). Judge Fuld of the New York Court of Appeals granted leave to appeal, and the judgment of the Appellate Division was affirmed without opinion. Chief Judge Desmond and Judge Fuld of the Court of Appeals voted to reverse with the statement the court records show conclusively that petitioner-defendant was not represented at all by counsel at the time of arraignment and plea, and that at the date of sentence he was not meaningfully represented. (11 N.Y.2d 941, 228 N.Y.S.2d 827, 183 N.E.2d 228). On October 8, 1962 the United States Supreme Court denied certiorari, Justice Douglas dissenting. (371 U.S. 853, 83 S.Ct. 92, 9 L.Ed.2d 88).

This chronology portrays a substantial expenditure of judicial effort that under current judicial interpretation has not yet reached a final conclusion. However, it is this particular setting with a background of fair and complete hearing of a challenge to a state criminal conviction and with a background of evident review and debate in the highest appellate State courts and the highest Court of the land of a record containing all essential facts for decision that disturbs and creates the greatest dismay when there still remains the right, unfettered without any restriction of any kind, statutory or judicial, to file the federal habeas corpus petition and commence without showing of extraordinary circumstance another recanvass. (Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837). Should we allow our laudable quest for absolute certainty and perfect justice in criminal

law to overwhelm us with the unrealistic fear that we have overlooked something in situations where it is clear only resurrection from the dead of important witnesses could possibly add anything further to the record previously reviewed by a score of competent and conscientious judges?

Due to the previous formal review in competent courts of the state and nation, there is the one advantage that I am the beneficiary five years thereafter of the separate and different printed People-Respondent's Briefs filed in the New York State Supreme Court, Appellate Division, First Department, Court of Appeals, State of New York, and the Brief in opposition to the petition for the writ of certiorari submitted by the office of District Attorney Hogan of New York County to the United States Supreme Court. Such briefs are very helpful, as I am confident they were for the other twenty-two judges, by rough count, who have looked into this problem and read the same record I have read.

The contentions made here were heard before Judge Davidson in 1960, twenty-four years after the conviction by plea in 1936. They are the petitioner did not have a lawyer at the time of his arraignment and plea, and the lawyer who was called upon by the Judge in the courtroom to stand by and assist petitioner at the time of sentence gave superficial and inadequate representation. The point is specifically made here in the brief for the petitioner that Judge Davidson did not rule in his decision on the failure to have a lawyer at the time of arraignment and plea, but avoided finding in that respect by holding the mere physical absence of the lawyer at the time of plea did not vitiate the conviction in view of the admitted presence of a lawyer at the time of sentence. (See Canizio v. People of State of New York, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545). This representation, it is argued, being inadequate makes the basis and standard for the denial legally wrong.

I disagree, because I find in the comments at the hearing and within the

writing of his opinion extensive discussion by the Judge concerning the presumption of regularity accorded court records in relation to the name of the lawyer noted on several such records as attorney for the petitioner in the Court of General Sessions. Of course, the attorney whose name was so entered on the records testified at the hearing he did not appear as attorney in the Court of General Sessions for petitioner. His testimony is subject to the same evaluation I would think as that of any other witness, and having seen and heard this witness there is nothing more helpful than the demeanor observation to support the statement in the Judge's opinion that the passage of time—twenty-four years—has dimmed the recollection of the attorney and may have clouded his memory. In the opinion it is also expressly stated the petitioner, being vitally interested, had ample reason to slant his testimony to benefit himself, and the court was not bound to accept his naked assertion he had no counsel at plea. There is little doubt in my mind that the conclusion of the Judge is readily ascertainable from the hearing minutes and opinion that petitioner had a lawyer assigned and present at the time of the arraignment and plea. Likewise, who was better situated to evaluate the testimony of a petitioner, who waited so long to protest, and consider him, as judges do parties and witnesses every day in the week, as a naturally interested party who would have ample reason to slant his testimony to benefit himself? I think the record would warrant and support a finding that the petitioner had counsel or intelligently waived the right to counsel. The fact that the minutes of arraignment and plea were unavailable is an important one for the consideration of the trier of the fact; and equally important is the inference to be drawn from the sentencing minutes, (Exhibit 4), which are available, when the Judge said: "Mr. Fitzsimmons, the lawyer for the defendant has not appeared in court, and I will ask you to stand by him during the imposition of sentence." Surely, the state

courts have the right to evaluate background and interest and determine credibility and what is or is not worthy of belief. The function of the Court at the sentencing, of course, is a limited one, as federal and state judges know who are at times found with this same situation when the attorney of record does not appear. A cold record never reveals the true picture of private consultation and discussion before the Bench in these matters, and time intervals are seldom indicated in the minutes. The fact that time for consultation is "short" at the sentencing procedure does not automatically support a conclusion the proceedings were "a farce and mockery of justice." (United States v. Wight, 2 Cir., 176 F.2d 376, 379; cert. den. 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586; United States v. Tribote, 2 Cir., 297 F.2d 598, 601). The sentencing minutes show the first thing the petitioner told Mr. Fitzsimmons was an untruth about his past, which was corrected by the Judge who apparently had some type of investigative report before him. The sentencing minutes evidence to me that Judge Collins, who took the plea and sentence, immediately knew the lawyer was not present. Judge Collins stated specifically he had accepted the Grand Larceny plea previously. The acceptance of the reduced plea of Grand Larceny from the number of charges in the indictment in itself to me supports the inference drawn by Judge Davidson of legal representation at time of plea. I also, from an exposure of many years to prison-manufactured claims, would not quarrel with the characterization of Judge Davidson that the petitioner-defendant tailored his testimony to fit new circumstances that might aid him after the passage of many years.

To the credit of New York State, far back in 1936 this record shows—as was done for more than half a century—appointment of lawyers and concern for the indigent and uneducated. In my judgment, this record of many years ago also shows fairness and decent treatment, and there is nothing drawn to my attention

proving callous attitude and disregard for constitutional rights.

In the leading and controlling case, Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770, outlining the new approach for the District Judges in this type proceeding, it is emphasized that if there was full and fair hearing by the State Court resulting in reliable findings, the District Judge may *and ordinarily should accept the facts* as found in the hearing. In my judgment, such is the case here. The Judge found reliably that the petitioner did not produce proof sufficient to overcome court records indicating presence of counsel. (Darr v. Burford, 339 U.S. 200, 218, 70 S.Ct. 587, 94 L.Ed. 761). In my judgment, the hearing in the State was as full and fair as one can be developed, the opinion by the hearing Judge sets forth the bases for the ruling made, and I am content to accept the State decisions and place this denial upon the record made there. (Townsend v. Sain, supra).

The petition is denied and dismissed. The papers shall be filed without prepayment of fee, and it is

So Ordered.