THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DALE L. SINCLAIR, Appellant.

Third Department, October 31, 1967.

*Stanley Tsapis* for appellant.

*Richard B. Thaler, District Attorney,* for respondent.

*Per Curiam.* Appeal is taken by the defendant from a judgment of resentence imposed by the County Court, Tompkins County, on January 3, 1967, and from the denial of his motion made prior to the imposition of such resentence to withdraw his prior plea of guilty.

In the month of February, 1966, the defendant was indicted by the Grand Jury, Tompkins County, upon a charge of grand larceny in the first degree. He was arraigned on February 26, 1966 and thereupon entered a plea of guilty. On March 23, 1966 the defendant requested the court to assign counsel to represent him. On March 28, 1966 while assigned counsel was present, he was sentenced to an indefinite term at Elmira Reformatory.

Thereafter the County Court at Cayuga County, pursuant to a writ of habeas corpus, directed the People to move to vacate the sentence since the record was silent as to compliance with section 480 of the Code of Criminal Procedure. The defendant was then returned to Tompkins County where, on December 30, 1966, the District Attorney moved to set aside the sentence, and asked for resentencing of the defendant on the charge of grand larceny in the first degree. At this time counsel for the defendant moved for permission to withdraw defendant's plea of guilty on the ground that he had waived his right to counsel and had pleaded guilty without having been adequately advised of his right to counsel upon arraignment, which motion was denied. Defendant was thereupon resentenced to the same term after the court had fully complied with the provisions of section 480. The record adequately substantiates the defendant's assertion that upon arraignment he was not adequately advised of his right to counsel in that, after properly advising him of his right to counsel, the court failed to inform him that if he was financially unable to retain an attorney, the court would assign counsel to him. This defect, however, was cured by the subsequent assignment of counsel who appeared and was present at the time of sentencing when his plea of guilty could have been withdrawn and a trial demanded. (*People* v. *Jardine,* 24 Misc 2d 1061, affd. 13 A D 2d 764, affd. 11 N Y 2d 941; *People* v. *Howard,* 12 N Y 2d 65; *People* v. *Chait,* 7 A D 2d 399; *Canizio* v. *New York,* 327 U. S. 82.)

The District Attorney of Tompkins County, when requested to file a brief, twice advised this court that he was not going to file a brief or appear for argument on this appeal. His last letter stated: "We are not taking any position in opposition to

the defense's appeal." Such an attitude on the part of a District Attorney is incomprehensible and regrettable. Under the circumstances, we feel we must reiterate what was said in *People* v. *Wright* (22 A D 2d 754): "It is the duty of every District Attorney to conduct all prosecutions for crimes or offenses cognizable by the courts of the county for which he shall have been elected (County Law § 700, subd. 1). We feel this requires that he file a brief stating his position concerning an appeal taken by a defendant and to appear for argument unless both sides agree to submit. (See *Matter of Lewis* v. *Carter,* 220 N. Y. 8.)"

In *Matter of Lewis* v. *Carter* (220 N. Y. 8), the court stated: "The law with equal force and certainty imposed upon the district attorney the duty to preserve and defend, in and against all tribunals and against all attacks, the integrity and effectiveness of the judgment."

As against any assertion that the judgment herein was unlawful, the District Attorney was bound to use all rightful means to uphold it.

The judgment should be affirmed.

GIBSON, P. J., REYNOLDS, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Judgment affirmed.