■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT GODFREY THIEL, JR., Appellant.— Judgment unanimously modified on the law and facts and in the exercise of discretion to the extent of reducing the sentence to a term of 2½–5 years on each count with the first four terms to run consecutively and the remaining terms to run concurrently. Memorandum: In

1965, at the age of 25, defendant was convicted on nine counts of forgery in the second degree and one count of grand larceny, first degree. The forged checks varied from $43 to $85. In the light of the facts revealed in the probation report he was sentenced as a first felony offender to a term of 2½–5 years on each count with the first four terms to run consecutively for a total of 10–20 years and the remaining terms to run concurrently with the first four sentences. This conviction was reversed and a new trial granted upon the ground that it was error to receive in evidence defendant's inculpatory statements made in absence of counsel subsequent to his arrest upon a warrant issued after an information had been filed. (26 A D 2d 897). In 1967, upon the retrial before the same court, defendant was found guilty of eight counts of forgery in the second degree and one count of grand larceny in the second degree. The new sentence imposed was 3–5 years on each count with the first five terms to run consecutively for a total of 15–25 years and the remaining terms to run concurrently. Obviously defendant lost 5 years of his liberty by establishing that he was entitled to a new trial. Furthermore, grand larceny, second degree, is punishable for a term not exceeding 5 years. (Penal Law, § 1297.) Since defendant had never before been convicted of a felony the court had no authority to impose a sentence greater than 2½–5 years on that count. (Penal Law, § 2189.) We recognize that the imposition of sentence is within the discretion and judgment of the sentencing court. We find however no facts in the record to rationally support the imposition of the harsher sentence. The defendant remained in custody after his first conviction, was tried again on the same indictment and this time convicted on only 9 of the 10 counts. The information added to the probation report to bring it up to date disclosed nothing about defendant's temperament, attitude and mood which was not known to the court at the time of the first sentence. Certainly a more severe punishment should not be inflicted because the defendant had asserted his right to appeal and was granted a new trial. Fundamental fairness dictates that the new sentence should not have exceeded the old. (Cf. *Patton* v. *North Carolina,* 381 F. 2d 636, where the court held that increased punishment after the reversal of defendant's initial conviction violates the due process and equal protection clauses of the Fourteenth Amendment.) (See, also, American Bar Association Project on Minimum Standards for Criminal Justice Relating to Sentencing, § 3.8; 12 ALR 3d 978; *Marano* v. *United States,* 374 F. 2d 583.) Upon the authority vested in this court by section 543 of the Code of Criminal Procedure and in the interests of justice, the sentence should be modified by reducing it to a term of 2½–5 years on each count with the first four terms to run consecutively and the remaining terms to run concurrently. (Appeal from judgment of Herkimer County Court convicting defendant of forgery, second degree and grand larceny, second degree.) Present — Bastow, J. P., Goldman, Del Vecchio, Marsh and Henry, JJ.