■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. MEURER, Appellant. [621 NYS2d 422] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction of one count each of rape in the first degree, sodomy in the first degree and burglary in the first degree after a retrial necessitated by our reversal of his previous conviction of those crimes *(People v Meurer,* 184 AD2d 1067, *lv denied* 80 NY2d 907).

We reject the contention of defendant that County Court lacked jurisdiction because his previous conviction was vacated by this Court rather than by County Court. We also reject the contention that County Court lacked jurisdiction because it failed to comply with CPL 210.15 (2) and (3), which require the court to inform defendant of his right to counsel at arraignment. The court cured any error in failing to inform defendant fully of his right to counsel at the arraignment (CPL 210.15 [2], [3]) by its searching inquiry of defendant concerning his understanding of his right to counsel prior to his competency hearing *(see, People v Sinclair,* 28 AD2d 183, 184; *People v Steinhauer,* 19 AD2d 837).

We further reject the contentions of defendant that he was deprived of a fair trial because of prosecutorial misconduct, and that this Court's alleged denial of his due process rights, coupled with an alleged conspiracy among the Chautauqua County District Attorney's and Public Defender's offices and the trial court, violated his constitutional rights. The contention of defendant that the trial court's cumulative errors deprived him of a fair trial is likewise without merit. The court properly advised defendant, who appeared *pro se,* that he could cross-examine witnesses to impeach their credibility and that he was not bound by their answers, but that he could not introduce collateral evidence to attack the witnesses' credibility *(see generally, People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846; *People v Sorge,* 301 NY 198, 200-201). The court properly denied defendant's motion to dismiss the second and third counts of the indictment as unconstitutional *(see, People v Liberta,* 64 NY2d 152, *cert denied* 471 US 1020), and properly denied defendant's request to order a

psychiatric evaluation of the victim. The court afforded defendant ample opportunity to secure an expert witness, and properly sustained the People's objection to defendant's statement at summation that defendant was charged with unlawful imprisonment in the second degree (see, People v Ashwal, 39 NY2d 105).

The court also properly refused to permit defendant to proceed pro se until the competency hearing established that defendant had the "mental capacity to stand trial" (People v Reason, 37 NY2d 351, 354) and the competency to waive counsel (see, People v McIntyre, 36 NY2d 10, 17). After having been found competent to stand trial and to waive counsel, defendant's decision to waive counsel and to proceed pro se was made knowingly, intelligently and voluntarily with full awareness of the risks and consequences (see, People v Sawyer, 57 NY2d 12, 21, cert denied 459 US 1178).

We reject the contentions of defendant that his statutory right to a speedy trial was violated (see, CPL 30.20, 30.30 [1] [a]; People v Lomax, 50 NY2d 351, 357-358), and that his constitutional right to a speedy trial was also violated (see, People v Taranovich, 37 NY2d 442, 445; People v Collins, 98 AD2d 947, 948).

The enhanced sentence defendant received after the retrial was not invalid. Although there is a presumption of invalidity where the sentence imposed after a retrial exceeds the original sentence (People v Van Pelt, 76 NY2d 156; People v Thiel, 29 AD2d 913, affd 25 NY2d 926), there is no absolute constitutional bar to imposing a more severe sentence after reconviction (North Carolina v Pearce, 395 US 711). The presumption may be overcome by a number of factors, including the fact that a different Judge imposed the subsequent sentence (People v Van Pelt, supra, at 161). Here, defendant's sentence was imposed by a different Judge, who put forward three reasons for imposing an increased sentence; one was the fact that the jury in the retrial found that defendant entered the victim's home with the intent to commit murder, a circumstance not present at the first trial. Upon our review of the record, we further conclude that the sentence is not unduly harsh or excessive.

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Rape, 1st Degree.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.