**STATE of Tennessee, Appellee,**

v.

**John Joseph DORNING, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 19, 1984.

Permission to Appeal Denied by Supreme Court Dec. 17, 1984.

Jay Fred Friedman, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Deputy Atty. Gen., Nashville, Sidney T. Bruce, Asst. Dist. Atty., Memphis, for appellee.

## OPINION

TATUM, Judge.

The appellant, John Joseph Dorning, was convicted of two counts of aggravated assault for which he was sentenced to serve two consecutive terms of 4 years each in the State penitentiary. On this appeal, he makes issue that the trial judge unlawfully refused to grant him a continuance and refused to grant him a new trial for newly discovered evidence. We find no merit in the issues and affirm the judgment below.

The sufficiency of the evidence is not challenged. The assaults for which the appellant was convicted occurred outside Danny's Lounge in Memphis at approximately 4:15 P.M. on August 24, 1982. The victim, James Gregory, belonged to a motorcycle club. The appellant and others who allegedly assailed the victim belonged to another motorcycle club.

The appellant's defense was an alibi. He testified that at the time of the offense, he was in Jackson, Tennessee with a woman named Patty Manus.

The case was originally set for trial on May 24, 1983. The trial was delayed because of the failure of the victim to obey a subpoena that had been served upon him. The body of the victim was attached and he was held in jail until May 26, 1983, when the trial began. The trial was concluded on May 27, 1983. Allegedly, defense witnesses Patty Manus and Craig Culley, were in court on May 24 and May 25. The appellant alleges that Patty Manus did not appear on May 26 and May 27 because her daughter was injured by a baseball on May 26. He alleges that Culley, an employee of Danny's Club, was available through May 26 but was unable to be absent from work on May 27, when defense proof was offered. Neither of these witnesses were subpoenaed. At 1:15 P.M. on May 27, after

the State had rested its case, defense counsel made the following statement to the court:

"MR. FRIEDMAN: Your Honor, I've got two problems this afternoon. I had a witness that stayed here all day yesterday. He was not under subpoena. He appeared voluntarily so we didn't feel the need to subpoena him. We had this other lady that I addressed the Court about when we started the trial, before we started the trial, Patty Manus. Her little girl had gotten sick. She has not been able to get back down. We've got two very material witnesses absent. We did not have them under subpoena since they appeared voluntarily and were here, one of them for two days and one of them had been on call and then was here yesterday all day. And since they weren't under subpoena, I've been unable to force them back and I don't know exactly what my legal status is at this point. I don't know whether to ask the Court for a mistrial or a continuance or just where we are at this point. I would submit to the Court that the witnesses did appear voluntarily and we just had no idea these things would crop up, no reason to anticipate it. One of them is the person who was with him on the day in question in another city. Another is a person who was present out there at Danny's Club that afternoon and could testify that he was not there. I don't know how much more material to this lawsuit two witnesses could be."

The appellant's first issue is that the trial court erred by refusing to grant him a continuance. He argues that constitutional due process guarantees him the right to compel the attendance of witnesses and to present them in his defense. We are in full agreement with the appellant on this point. However, the appellant failed to avail himself of this constitutional right by placing these witnesses under subpoena so as to empower the court to compel their attendance.

It is well settled that a request for a continuance is properly overruled when there is a lack of diligence or negligence in procuring the witnesses. *State v. Jefferson*, 529 S.W.2d 674 (Tenn.1975). The failure to subpoena a witness demonstrates a lack of diligence in procuring the witness's attendance. *Houston v. Lane*, 501 F.Supp. 5 (E.D.Tenn.1978), affm'd. 636 F.2d 1217 (6th Cir.1980), cert. denied, 101 S.Ct. 1714, 450 U.S. 1003, 68 L.Ed.2d 207 (1981). A requirement that a case be continued because an unsubpoenaed witness left the courthouse, would deprive the trial judge of the power to control the trial; such power would be vested with the witness. Had these witnesses been placed under compulsory process, then the trial judge could have determined whether their excuse for leaving was of such urgency as would justify the continuing of the case after commencement of trial. Had the witnesses left without permission of the trial judge, then they could have been attached and brought back to court. Under the circumstances as existed here, the trial judge was powerless to compel the attendance of these witnesses or order them returned to testify.

We also note that no motion was made for a continuance. As above indicated, counsel observed that since the witnesses were not under subpoena, he was unable to "force them back." He then stated that, "I don't know whether to ask the court for a mistrial or a continuance or just where we are at this point." Counsel did not ask for either a mistrial or a continuance.

The appellant next states that the court erred in refusing a new trial on the basis of newly discovered evidence. An affidavit of Rick Joslin was filed with the motion for a new trial. It indicated that Joslin was in Danny's Club at the time of the assaults. He alleges that no fight or altercation occurred in the parking lot while he was inside the club. The affidavit does not indicate how the witness knew what was occurring in the parking lot since he does not claim to have been in the parking lot. Therefore, the affidavit does not indicate that the testimony of the witness would likely have produced a different result in

the trial. See *State v. LeQuire,* 634 S.W.2d 608 (Tenn.Crim.App.1981).

Moreover, there is no demonstration of due diligence on the part of the appellant in obtaining this evidence. See *Reese v. State,* 3 Tenn.Crim.App. 97, 457 S.W.2d 877 (1970). The matter of a new trial for newly discovered evidence is within the trial judge's discretion. *Taylor v. State,* 475 S.W.2d 551 (Tenn.Crim.App. 1971). The trial judge did not abuse his discretion in refusing a new trial on the basis of the affidavit of Rick Joslin.

We find no merit in the issues and affirm the judgment of the trial court.

AFFIRMED.

DAUGHTREY and SCOTT, JJ., concur.